B. F. LEATHERS *v.* VIRGINIA DELOACH *et al.*

(*Jackson.* April Term, 1918.)

1. **SPECIFIC PERFORMANCE.** Grounds for refusal of relief.

Where at time mother, life tenant, and remaindermen, her children, contracted to convey as an entirety land jointly, mind and health of mother was greatly impaired, specific performance will not be granted vendee, who had been a regular visitor in family for four or five year paying his attentions to a daughter, making it probable that contract was unfairly obtained; purchase price being $7,000 and value of land $9,000. (*Post, p.* 261.)

2. **EVIDENCE.** Common Knowledge. Use of Morphine. Effect.

Members of supreme court know without proof that use of one gram of morphine a week for about thirty years necessarily undermines physical strength and impairs mind of the strongest. (*Post, pp.* 262-264.)

3. **SPECIFIC PERFORMANCE.** Discretion.

While discretion to grant or refuse specific performance must be grounded upon legal reasons, the remedy is always discretionary and not one of right. (*Post, pp.* 264, 265.)

Case cited and approved: New River Lumber Co. v. Tennessee Railroad Co., 136 Tenn., 677.

4. **SPECIFIC PERFORMANCE.** Contract not in dispute.

Decree for specific performance of a contract which is not in dispute will not be granted. (*Post, p.* 265.)

5. **SPECIFIC PERFORMANCE.** Mutuality.

Since, where remaindermen and life tenant contracted to convey land as an entirety jointly, remaindermen cannot compel vendee to specifically perform by purchasing remainder interest only, vendee cannot compel remaindermen to specifically perform contract by conveying remainder only. (*Post. pp.* 265-267.)

6. **SPECIFIC PERFORMANCE.** Mutuality.

It is a general principle of equity to grant specific performance only where there is mutuality of obligation and when the remedy is mutual. (*Post, pp.* 265-267.)

7. **SPECIFIC PERFORMANCE.** Mutuality.

Mutuality of remedy is jurisdictional and, if it does not exist, a court of equity cannot entertain bill for specific performance. (*Post, pp.* 265, 267.)

Cases cited and approved: United States v. Noe, 64 U. S. (23 How.), 312; Brashier v. Gratz, 19 U. S. (6 Wheat.), 528, Dorsey v. Packwood, 53 U. S. (12 How.), 126; Old Colony R. Corp. v. Evans, 6 Gray (Mass.), 25; Benedict v. Lynch, 1 John. Ch. (N. Y.), 370; Jones v. Newhall, 115 Mass., 244; Rutland Marble Co. v. Ripley, 77 U. S. (10 Wall.), 339; Frink v. Thomas, 20 Or., 265: James v. Vernon, 129 Tenn., 637.

FROM MADISON.

Appeal from the Chancery Court of Madison County to the Court of Civil Appeals, and by *certiorari*, to the Court of Civil Appeals from the Supreme Court.—Hon. J. W. Ross, Chancellor.

C. E. Pigford and W. N. Key, for complainant.

L. L. Fonville and T. W. Pope, for defendants.

Mr. Justice Lansden delivered the opinion of the Court.

The bill in this case was filed to secure the specific performance of a contract for the conveyance of real estate. The chancellor granted a decree, directing defendants to specifically perform the contract,

and upon appeal to the court of civil appeals, his decree was reversed and the bill dismissed. The case is before us upon petition for *certiorari* of complainant Leathers.

The contract was executed September 20, 1915, and was signed by all parties interested in the title to the land described, and by Leathers, the vendee. It stipulated in substance that the defendants had contracted with complainant to sell a certain farm located in Madison county, and described it. The sale and conveyance were to tak place upon the completion of a certain $3,000 mortgage, which defendants had on that day applied to the Columbia Mortgage & Trust Company to grant. The consideration of the sale was the payment by Leathers of $4,000 in cash, and the assumption of the mortgage last referred to.

The proposed mortgage was not granted by the trust company, and the defendants declined to complete the sale. This bill was filed by Leathers soon after it became certain that defendants would not execute a deed. for the farm. All of the defendants answered, denying complainant's right to specific performance, except Miss Sarah L. Leloach, one of the defendants, and she answered that she was willing to perform.

The court of appeals denied a decree upon the grounds of undue influence, inadequate consideration, and mental incapacity of Mrs. Deloach.

It appears that Mrs. Deloach was the owner of a life estate in the land in controversy, of which the other defendants, as her children, were the owners of the remainder in equal moieties and as tenants in common. The contract involved is a contract for the conveyance of the land as an entirety by the defendants jointly. Mrs. Deloach is a widow about sixty-five years of age, and has been addicted to the morphine habit for about thirty years. At the time of the contract, and some time previous, she was consuming about one g. 'm per week of this drug. The proof is beyond doubt that she had become so addicted to the habit that her mind and health were greatly impaired. While she could transact the small routine affairs incident to housekeeping, the proof is that she was sleepy, drowsy, simple-minded, and, as two witnesses say, she had the mind of a child. One witness says that she did not resist any counter proposition that was made to her, and appeared indifferent about what was done. This witness is a grocer with whom she traded, and he says she did not seem to care what prices were charged her. Another witness, her granddaughter, says that she had the mind of a child, and never thought upon any "deep" questions. The proof is absolute that she consumed the amount of morphine stated, and we know, as reasonable men without proof, that the consumption of so large a quantity for a long period of years necessarily undermines the physical strength and impairs the mind of the strongest. So the en-

feebled condition of Mrs. Deloach's mind is beyond question.

At the time of the contract, complainant Leathers was visiting Miss Sarah Deloach, and had been for four or five years. It is just to say that he was a regular visitor in the family, and was paying his attentions to Miss Sarah.

The contract of sale was dated September 20, 1915. On January 19, 1916, a mortgage of $2,700 previously executed by defendants on this real estate would fall due, and on January 1, 1916, a mortgage of $400 would fall due. Defendants had no property but this land.

After the original bill was filed, and the defendants had answered, and after some other steps had been taken in the case, the chancellor, upon a hearing, adjudged that Mrs. Deloach was *non compos mentis,* and appointed guardians *ad litem* for her. These guardians *ad litem* filed an answer in which they reiterated her mental incapacity, and also alleged that the price agreed upon was grossly inadequate. The price agreed upon was $7,000, as stated above, and the answer averred that the true value of the land was $9,000. It is impracticable to recite the testimony upon this point, but we have examined it, and we agree with the court of civil appeals that the probabilities are that the land is worth $9,000. Of course, value of real estate is a matter of opinion merely, but we think the best opinion expressed in the record is to this effect.

We think the court of civil appeals was manifestly correct. It cannot be disputed that Mrs. Deloach was mentally incapacitated to such a degree as would move the discretion of the court in declining to specifically perform her contract when it appears from the record that it is probable that the contract was unfairly obtained. The relationship of the complainant with the family, and the fact that Miss Sarah agrees to be bound by the contract, after her mother's mental weakness is proven beyond doubt, and the other members of the family have repudiated the contract, may or may not have significance. It at least does not afford any reason for performing the contract as to the others. She, of course, can convey her undivided interest if she so desires at such price as she sees proper. The approaching maturity of $3,100 of debts was not without its weight as an influence upon defendants as shown by the provision in the contract for its payment.

The remedy of specific performance of a contract is always discretionary. The discretion to grant or refuse it must be grounded upon legal reasons, but the remedy is not one of right. The authorities are reviewed in the case of *New River Lumber Co.* v. *Tennessee Railroad Co.*, 136 Tenn., 677, 191 S. W., 334, and the position of this court is there reaffirmed. No reason is given why the court should exercise its discretion to perform a contract of Mrs. Deloach which she made while mentally weak, for the sale of her homestead at a price which is probably less than

its worth, and to the complainant, who had been a constant visitor in her home for three or four years.

The question is made for the first time in the court of civil appeals, and again in this court, that if complainant is not entitled to specific performance against Mrs. Deloach, he is entitled to the relief against Miss Sarah especially, and against the other, defendants. It is said that, inasmuch as Miss Sarah has agreed to the performance of the contract, no reason is conceivable why a decree should not be passed as between complainant and her, and also, as the other defendants do not interpose the defenses of undue influence and inadequacy of consideration, and as they are not affected by Mrs. Deloach's mental condition, they should be required to perform.

The answer to this contention is quite manifest. As to Miss Sarah, the court will not enforce a contract by decree which is not disputed. As to the others, complainant did not frame his bill with a view to this form of relief. The contract was for the purchase and sale of the entire tract of land at a lump price. There was no attempt in the contract to apportion the purchase price between the life tenant and the remaindermen, and there has been no attempt since to apportion it, either in the bill or by the parties among themselves. There is no proof upon this question. This is confessed by complainant's learned counsel, who asks the court to remand the case in order that proof may be taken.

The remaindermen could not compel the complainant in a suit brought for that purpose to specifically perform the contract made by purchasing the remainder interest only, and for the same reason the complainant cannot compel the remaindermen to specifically perform. It is a general principle of equity to grant a decree of specific performance only where there is mutuality of obligation, and when the remedy is mutual. *United States v. Noe*, 64 U. S. (23 How..), 312, 16 L. Ed., 462; *Brashier* v. *Gratz*, 19 U. S. (6 Wheat.), 528, 5 L. Ed., 322; *Dorsey* v. *Packwood*, 53 U. S. (12 How.), 126, 13 L. Ed., 921. This mutuality of remedy is jurisdictional; and, if it does not exist, a court of equity cannot entertain the bill. *Old Colony R. Corp.* v. *Evans*, 6 Gray (Mass.), 25, 66 Am. Dec., 394; *Benedict* v. *Lynch*, 1 John. Ch. (N. Y.), 370, 7 Am. Dec., 484; *Jones v. Newhall*, 115 Mass., 244, 15 Am. Rep., 97; *Rutland Marble Co.* v. *Ripley*, 77 U. S. (10 Wall.), 339, 19 L. Ed., 955; *Frink* v. *Thomas*, 20 Or., 265, 25 Pac., 717, 12 L. R. A., 239, and note.

The complainant did not contract to buy a remainder estate, nor did the defendants contract to sell such an interest in the land. The complainant contracted to buy and the defendants contracted to sell the entire interest in the tract of land. Each partly to the contract agreed precisely as the other of and concerning the same thing. The court cannot make a contract for them.

Leathers v. Deloach.

This is not the case of a failure of title, and does not fall under the class of authorities cited by complainant. The defendants have the precise interest which they agreed to convey, and the failure of complainant's bill as to Mrs. Deloach does not change the case in this aspect at all. Neither the learned court of civil appeals nor the learned counsel refer to the latest pronouncement upon this subject by this court in the case of *James* v. *Vernon*, 129 Tenn., 637, 168 S. W., 156, 52 L. R. A. (N. S.), 959. In that case the authorities are reviewed upon the subject discussed.