FIDELITY MUT. LIFE INS. CO. *v.* MANN *et al.*

(*Jackson,* April Term, 1936.)

Opinion filed June 13, 1936.

GROVER MCCORMICK, of Memphis, for appellants.

METCALF, METCALF & APPERSON, of Memphis, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A decree was obtained in this cause against Mann, in 1925, for $11,756.19. December 5, 1935, Mann obtained a judgment in Shelby circuit court for $20,000 against John G. Nelson and State Automobile Mutual Insurance Company as damages for injuries growing out of an automobile accident. On the same day a garnishment issued in this cause was served on Nelson and the State Automobile Mutual Insurance Company. To this they answered on December 17th that a motion for a new trial had been entered and was pending, that they owed Mann nothing. It appears that this motion was overruled and an appeal prayed to the Court of Appeals.

The order of the chancellor, in passing on a motion of the garnishees for an order of dismissal, after reciting the facts, read as follows:

"Upon said facts and upon the authorities, the court is of the opinion that judgment should not be rendered against the garnishees at this time, even though execution might be postponed if such judgment were rendered, and that an order should be entered staying final judgment against the garnishees, keeping the entire matter in its present condition until the outcome of the appeal from the Circuit Court is settled and at that time require the garnishees to answer further whether the judgment has been either affirmed, modified or dismissed or

whether the garnishees have decided to make a compromise settlement.

"It is, therefore, ordered, adjudged and decreed:

"1. That judgment herein against said garnishees be and the same is hereby stayed so that the entire matter may be kept in its present condition until the outcome of the appeal in the nature of a writ of error by Nelson from the verdict and judgment in the Circuit Court is settled, at which time the garnishees shall be required to answer further as to whether the judgment against Nelson has been either affirmed or modified and, if so, to what extent or dismissed or whether the garnishees have decided to make a compromise settlement.

"This garnishment proceeding is, therefore, retained in this court pending further orders and proceedings.

"To the above action of the court the garnishees, John G. Nelson and State Automobile Mutual Insurance Company excepted and now except and pray an appeal to the next term of the Supreme Court, which appeal is granted upon the execution of an appeal bond as required by law."

██ ██ We think it clear that this appeal is premature and must be dismissed on that ground. It is, of course, not a final decree and appealable as such. Nor does it come within the scope of the statute conferring discretionary power on chancellors and circuit judges in equity cases. Code, section 9038. Conceding that we have here an "equity cause," it is not otherwise within this statute. It has uniformly been held that the chancellor's discretion in allowing appeals under this statute is limited to the cases therein enumerated. *Employers' Indemnity Company* v. *D. H. Willard,* 125 Tenn., 288, 151 S. W., 1029; *Mengle Box Co.* v. *Lauderdale County et al.,* 144

Tenn., 266, at page 271, 230 S. W., 963. But three situations are provided for, (1) where a decree is entered "determining the principles involved and ordering an account or a sale or a partition," etc.; (2) where a demurrer has been overruled; or (3) where a decree has been granted which settles one party's rights, although the case is not disposed of as to others. Obviously, the instant case meets none of these conditions. The order of the chancellor determined or settled no principles and no rights. It merely stayed, or suspended temporarily, any action affecting the merits and rights of the parties. The appeal must be dismissed and the cause remanded.