T. J. Moss Tie Co. *v.* Hill *et al.*

(Nashville, December Term, 1950.)

Opinion filed January 13, 1951.

A. A. Kelly, of South Pittsburg, for appellant.

Frank Davenport, of McMinnville, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

T. J. Moss Tie Company brought this suit against Livy Dearing Hill et al., to compel them to specifically perform a contract for the sale of standing and growing timber situated on lands described in the bill.

The bill was demurred to by the defendants upon several grounds, part of which were sustained by the Chancellor, and the bill dismissed. The complainant below (appellant here) appealed and has assigned errors to the acts of the Chancellor in dismissing its bill. The appellees (defendants below) have likewise assigned error to those grounds of the demurrer which were overruled by the Chancellor.

It is alleged in the bill, in substance, that the defendants (appellees here) caused a written notice of sale of this standing timber to be published and circulated

among tentative buyers for a sale of the timber to be held on a specific date at the court house in McMinnville, Tennessee. This written notice provided that the sale of this timber, which was to be had on two separate tracts of land, would be first sold as to each of the two tracts of land and then after the bidding was closed on these two sales on the separate tracts of land, then the timber on both tracts combined would be put up and sold and that the sales or sale would be final.

It is further alleged that the sale was conducted on the day advertised and that the complainants bid on the first boundary of timber offered, the sum of $23,000.00 and that this was the highest bid for the timber on this tract of land. It is also averred that then the timber on the second tract of land was offered for sale and that the highest bid on this timber was $7,500.00 by other parties, not parties to this lawsuit. Then both boundaries of timber on the combined two tracts of land was offered for sale. The total amount offered on the separate sales for the two boundaries of timber was $30,500.00. When the two tracts were combined and offered for sale the bidding began above the combined amounts of that offered for the two boundaries sold separately and the complainants bid against other lawful bidders up to the amount of $39,000.00 for the timber on these two boundaries of land. At this point a by-bidder or puffer entered the bidding, and to the knowledge of these complainants, they bid against this by-bidder for the timber on the two tracts of land until they had reached the amount of $44,000.00 for the timber on the combined tracts of land. When the by-bidder raised this bid to $45,000.00 and the bidding ceased the timber was struck off to this by-bidder. Immediately after this was done it was said by the attorney for the appellees (defendants below) that there

was no sale. The complainants thereafter returned to their residences and after consulting counsel decided that they were entitled to have their bid on the first tract of land of $23,000.00 confirmed. After reaching this decision they further complied with the terms of the sale by executing a certificate of purchase which was attached to the advertisement of sale and along with this certificate tendered to the attorney for the defendants the sum of $2,300.00 along with the certificate, whereupon he refused to accept the same and informed them that there was no sale because the timber did not bring its worth. Upon receiving this information the bill in the present suit was brought to compel the defendants to specifically perform their contract to convey to the complainants the growing timber on the first tract of land offered for sale for $23,000.00, this being the amount of their bid when the two tracts were offered separately.

The theory of the bill is that when the by-bidder or puffer entered the bidding on the sale of the two tracts of land, that is, the second phase of the auction, that by the by-bidder or puffer entering this sale without it having been announced prior thereto that there would be a by-bidder that by reason of this by-bidder or puffer entering this sale that the second phase of the auction wherein the two tracts were offered for sale vitiated by legal fraud any bidding that took place under the second phase of the auction and that therefore the bid of the complainants made in the first phase of the auction became a binding contract upon the defendants and they therefore should be compelled to comply with the terms of the first phase of the sale and convey to the complainants the standing timber on the tract of land first offered for sale wherein these complainants were the highest bidder.

586

■ The right to specific performance in any particular case is governed by the ordinary principles of equity.

"Equity, in decreeing specific performance, requires not only that the contract be just and equitable in its provisions, but that the consequences of specific performance likewise be equitable and just. One of the general rules formulated and followed is that this equitable relief will not be granted if, under the circumstances of the case, the result of the specific enforcement of the contract would be harsh, *inequitable*, oppressive, or result in an unconscionable advantage to the plaintiff, even though the complainant *has no intention of taking an unfair advantage,* and even though the contract may be valid and enforceable at law. In every case where a specific performance is asked, the question must be whether the exercise of the power of the court *is demanded to subserve the ends of justice*, and unless the court is *satisfied that it is right in every respect, it will refuse to interfere.*" (Italics ours). 49 Am. Jur. Section 58, page 72.

■ The granting or refusing of a decree of specific performance lies within the sound discretion of the Chancellor under the facts appearing in the particular case. *New River Lumber Co.* v. *Tenn. Railroad Co.,* 136 Tenn. 661, 191 S. W. 334. A litigant cannot have such a decree as a matter of right. *Leathers* v. *Deloach,* 140 Tenn. 259, 204 S. W. 633.

■ With these clear statements in mind as our guiding star we are eminently satisfied that the Chancellor was correct in refusing the extraordinary relief of specific performance in the instant case. The bill shows on its face that prior to any puffer or by-bidder entering the bidding on this property that these combined tracts of land were bid on by the plaintiff herein almost ten thousand dollars in excess of what the two were bid for

when offered separately. This bidding on the combined tracts by the complainant was in excess of 30% more than was offered for the two tracts when they were auctioned separately. Then with knowledge of the fact that a by-bidder was bidding this complainant continued to increase its bid for this property up until it had bid $44,000.00 for the combined tracts or about $13,500.00 more than the two tracts brought when they were sold separately. Of course we cannot make any segregation in this bidding when the two tracts were bid on as a whole as to whether or not this increase was because of the combination of the two tracts or whether it was on one or the other of the tracts. Be that as it may, the clear intention of the parties in the terms of the sale was that the property would be sold in the instance wherein it brought the most money, that is, either combined or sold singly. Then when it appears that the property was bid on from 30% to almost 50% more when sold as a combined lot it would certainly be the duty of the chancery court not to decree specific performance for the sale of one of these properties sold separately at a far less figure.

To enforce the alleged contract under the terms of this bill the ends of justice would not be reached. This being true, we think that the Chancellor was clearly correct in refusing the relief asked by the complainant. For this reason the decree of the Chancellor is affirmed with costs.

All concur.