Christian *v.* Mynatt.

## S. D. CHRISTIAN *v.* NELSON MYNATT.

1. SALE OF LAND. *Execution. Notice.* To entitle a defendant whose land is being sold by the sheriff under execution, to notice, under Code, section 3042, the defendant must not only be in possession of the land, but in actual occupation.

2. EJECTMENT. *Sheriff's deed.* In action of ejectment by plaintiff under a sheriff's deed to land sold as the property of defendant, it is not incumbent on plaintiff to deraign title.

Christian *v.* Mynatt:

3. SAME. *Levy. Imperfect description of land.* A levy is sufficient if those living in the immediate neighborhood will recognize the desscription."

## FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger county. J. G. ROSE, J.

SHIELDS & SHIELDS for Christian.

HENDERSON & JOUROLMON for Mynatt.

TURNEY, J., delivered the opinion of the court.

This action of ejectment was brought in the circuit court of Grainger county. There was judgment for defendant, and plaintiff appealed.

The case has been reported upon by the Referees, and is now before us on exception to their report recommending an affirmance.

The first question is, was the defendant entitled to notice of sale under an order of condemnation from the circuit court?

By an act of 1799, and also of 1855, brought forward in the Code by section 3042, is provided, "If the defendant is in actual possession and occupation of the land levied on, the officer having the execution shall, at least twenty days previous to such sale, serve the defendant with written notice, stating that the execution is levied on said land, and mentioning the time and place of sale, and sales made without the notice required in this section, are void."

Here the levy was made 18th November, 1874,

the sale in April, 1876. The proof shows that defendant with his family resided in Knoxville until 1877, having left the premises in 1864. In his testimony defendant proves possession in himself of part of the land in December, 1874, but says nothing of occupation by himself. Under the statute possession alone is not sufficient to entitle the defendant to written notice of sale. It must be coupled with actual occupation. In *Crowder* v. *Sims*, 7 Hum., 259–60, Judge Reese says:

"But it is argued that if the court erred in the particular referred to, still the case should not be reversed, because the record shows that the twenty days written notice to the defendant in the execution required by first section of Act 1799, ch. 14, was not given. But the record does not show that at the time of the sale James C. Kelly, the defendant in the execution, was in possession of the land levied on and sold; on the contrary, the record does show that James C. Kelly had conveyed," etc.

"The twenty days written notice is only to be given to the defendant in the execution when in actual possession of the land."

The defense of want of notice because of "actual possession and occupation" is an affirmative one, and the defendant must establish it by proof. In the present case the defendant examines himself as a witness, and only claims undefined possession of part of the land, and allows to pass unrebutted the testimony of others that he did not reside on the land from 1864 to 1877. This being so he was not entitled to notice

under the statute, and decisions construing it. The language of the statutes leaves no room for construction, as both actual possession and actual occupation must concur to necessitate the notice prescribed. It is unnecessary to pass upon the sufficiency of the notice given.

It is next insisted the judgment should be affirmed because the plaintiff has failed to deraign title. Technically the position is true. But the plaintiff claims under a sheriff's deed to the land, which was levied on and sold as the property of defendant, which deed is produced. On the trial the defendant was introduced as a witness for himself, and proves that he had owned the land, some of it as early as 1827, and some of it since 1855; that he had deeds and grants for the whole of it. It is also shown by pleadings in another cause in the chancery court that he claimed to own the land, and defined the character of his title. This testimony was admitted without objection, was acted upon by the court below, and it is too late to make a question here. As the plaintiff claims under the defendant, and the defendant admitted and proved a good title in himself up to the time of the execution sale, it was unnecessary to deraign a title in the defendant. The rights of none except the parties to this suit can be affected by the course adopted. If the conduct of the defendant in admitting and swearing to the genuineness of his own title has had the effect to give validity to plaintiff's claim under a sheriff's deed, he cannot be heard to complain.

Christian *v.* Mynatt.

It is unnecessary to consider the question of champerty raised as to deed of Mynatt to Cocke & Henderson, as there is nothing to show the deed was registered before the levy and sale under it, therefore it is not such an outstanding title as will affect the plaintiff. It only strengthens the testimony of the defendant that he had owned the land.

It is further argued, that the levy does not sufficiently describe the land. The description is "two hundred acres of land, the property of the defendant, lying in the 8th civil district of Grainger county, on the dividing line between Knox and Grainger counties, adjoining the lands of Joseph Mynatt's heirs, Martha Smartt and others." Whether this of itself is or is not a sufficient description, it is not necessary to determine, as there is full proof that the land is well known in the neighborhood by it, that it is the only land ever owned there by the defendant, and can be easily proved and located by the description. That although the Joseph Mynatt heirs and Martha Smartt did not own the lands lately before the levy, still such description is well understood and recognized, and there is nothing materially conflicting with this view. In Freeman on Executions, p. 281, it is is said, "A levy is sufficient if those living in the immediate neighborhood will recognize the description." In *Parker & Collier* v. *Swann*, 7 Hum., 80, the levy was "levied on the right, title, claim and interest that John Doak has in and to seventy acres on the waters of the west fork of Stone's river," this was held sufficient, Judge Green saying, "All that is necessary in the levy

is some general description that will by reasonable intendment connect it with the sale and deed, so that a tract of land different from the one levied on may not be sold and conveyed. This, we think, is given in the levy before us."

For the errors of law indicated the judgment is reversed, and judgment for plaintiff.