EDGAR HENDERSON *v.* LUCY HENDERSON.

*(Nashville.* December Term, 1928.)

Opinion filed May 27, 1929.

A. B. Shafer, F. H. Roleson and Harry Spears, for complainant, appellee.

Duncan Martin and E. G. Bell, for defendant, appellant.

Mr. Justice Cook delivered the opinion of the court.

Response to Petition to Rehear.

It is insisted through the petition to rehear that the oral agreement between Lucy Henderson and her husband, Edgar Henderson, is not affected by the statute of frauds; and that the relation of principal and agent existed between them, establishing the privity through which she may assert the right to reformation of the deed of Slager to S. H. Henderson. The evidence does not justify the assumption by counsel for petitioner that S. H. Henderson was the agent of Lucy Henderson in his transaction with Slager. The record suggests no rela-

128

tion of principal and agent between Henderson and his wife, Lucy Henderson, in connection with the purchase of the lots from Slager. Privity in the sense used in the opinion denotes successive relationship to the predecessor in title, a property right acquired by contract or inheritance.

In *Lally* v. *Holland,* 1 Swan, 400, the court said: "It is well established that a court of equity will interfere only as between the original parties or those claiming under them in privity; such as personal representatives, heirs, devisees, voluntary grantees," etc. See, also, 1 Story Equity Juris., 166.

The undisputed facts exclude the suggestion that Slager knew or supposed the existence of an intention that Lucy Henderson should become a party to the deed of July 10, 1900, when he conveyed the estate in fee to S. H. Henderson. The purchase money notes were paid and the lien of record discharged January 16, 1905. Twenty years or more after the conveyance from Slager, S. H. Henderson died, when Lucy Henderson, his widow, commenced this action to reform the deed upon the charge that S. H. Henderson promised her that he would take from Slager a deed conveying an estate by the entirety. If there was either fraud or mistake it was not of the contract of July 10, 1900, between Slager and S. H. Henderson, but existed as an extrinsic fact unknown to Slager. The deed he executed expressed the intention of the parties to the contract of conveyance. The grantor did precisely what he agreed and intended to do and there is no ground for interference with that contract. See *Pittsburg Lumber Co.* v. *Shell,* 136 Tenn., 474; *Alexander* v. *Shapard,* 146 Tenn., 90.

Lucy Henderson, a stranger to the contract with Slager after the long lapse of time, and after the death

of her husband, proposes to establish by parol proof an independent contract, not with Slager but with her husband, and by resort to the doctrine of reformation seeks to write the parol contract into the Slager deed. As said in the original opinion, she is met by the statute of frauds and, we should have added, by the rule that forbids contradiction of written documents by parol evidence.

We are not unmindful that equity refuses to let the beneficiary of deceptive practices shield himself under the protection of the statute of frauds, and in proper cases will decree reformation of written instruments upon parol proof of fraud or mistake clearly made out. *Talley* v. *Courtney,* 1 Heisk., 715; *Cromwell* v. *Winchester,* 2 Head, 390. But not so in cases of alleged extrinsic fraud where the written instrument supplies evidence of the intention of the parties superior to that supplied by parol proof of doubtful texture and opposing presumptions.

In cases of specific performance and reformation, courts of equity exercise a discretion and if the proofs are doubtful and unsatisfactory and the alleged fraud or mistake is not made entirely plain, equity will withhold relief upon the ground that the written paper ought to be treated as a full and correct expression of the intent of the parties. *Davidson* v. *Greer,* 3 Sneed, 384; *Bailey* v. *Bailey,* 8 Humph., 233; *Perry* v. *Pearson,* 1 Humph., 438; *Battle* v. *Claiborne,* 133 Tenn. 301.

Discussion of the cases of *Walker* v. *Walker,* 2 Tenn. App. Rep., and *Mullins* v. *Dowling,* 4 Tenn. App. Rep., is unnecessary to this determination. They are distinguishable upon their facts.

The petition to rehear is without merit.