YOUNG et al. v. TUCK.—178 S. W. (2d) 86.

Eastern Section.   July 3, 1943.

Petition for Certiorari denied by Supreme Court, October 16, 1943.

Will A. McTeer, of Maryville, for appellant.

Goddard & Gamble, of Maryville, for appellees.

HALE, J. The question before us under the bill and cross-bill is the sufficiency of the following instrument:
"Real Estate
"Selling
"Renting           Young & Moore           Real Estate
                    Real Estate
          We rent, buy, Sell and Swap
        Broadway, Over Byrne Drug Store
              Maryville, Tenn.
                 Box 9
"This 11th day of July we have received from Mr. J. A. Tuck, of Loudon County, a cow and calf, valued at $75.00. This is to be counted as cash payment on the purchase price of house and lot near airport. Now owned by D. F. Young and George E. Moore.

"Being the same house bought from Rose and others. This house is a five roomed house and is situated in the forks of the Rights Ferry Road and the Cusic Road.

"The purchase price of the property is $1400.00. There is to be at least $250 down before a contract deed is made. Terms to be arranged on the balance. Possession to be given Sept. 1, 1940.

"This property is to be free and clear from all incumbrances except 1940 taxes.

"Signed:

"D. F. Young
"G. E. Moore
"J. A. Tuck."

Young and Moore, the owners, filed suit asserting the contract is void under the Statute of Frauds, Code 1932, Sec. 7831 et seq., in that (1) it is not dated; (2) There is an insufficient description of the property; and (3) it does not set forth the terms of payment. The defendant answered, filing his answer as a cross-bill and seeking the enforcement of the contract. The Chancellor sustained a demurrer to the cross-bill and, after proof was taken, rendered judgment in favor of the complainants for the possession of the property and in addition gave them a recovery against the defendant for $210, representing the rental value of the property $460, less $250 paid on the purchase price. The defendant has appealed and assigns error.

As indicated, the defendant paid the $250 called for in the contract. The owners became involved in litigation with a minor who claimed an interest in the property and Mr. Young says it was for this reason "the deal wasn't finished." It also appears that Mr. Tuck tendered the

purchase price and asked for a deed. Mr. Young testified on cross-examination:

"Q. Was it until after this lawsuit was decided in the Chancery Court? A. That we offered to make a deed?

"Q. Yes sir? A. I don't know what day we offered to make a deed, but when he came with the money we told him to wait we would make him a deed in due time."

On his re-direct examination he testified:

"Q. Mr. Young, after this lawsuit was decided, did Tuck pay for the property under the alleged contract? A. No."

And on his re-cross-examination he testified:

"Q. Did he offer to pay the purchase price before the lawsuit was decided? A. No, didn't offer the full amount.

"Q. Do you know how much he did offer you? A. No I don't."

It will be noted the contract calls for a "contract deed" on "terms." No complaint was made by Young as to the amount tendered and it was evidently satisfactory; its rejection being based on other ground.

A receiver was appointed during the litigation and for a short time Tuck was required to pay rent to the receiver. This seems to have been in the sum of $30 for the months of February and March, 1943, of which $5 was allowed the receiver as compensation and the remainder directed to be paid to the complainants.

The complainant Young voluntarily gave his deposition and testified the contract in question was made in July, 1940, and that it was to cover the property described in the O. Bill's Exhibit "A," which is a deed to the complainants from Gerald Rose and others for the premises described as:

"Situate in District No. 11 of Blount County, Tenn., and more particularly described as follows: Beginning on a stake in the center of the pike; thence (1) N. 56 E. 14.2 chs. to a post oak; thence (2) S. 67½ W. 12.8 chs. to a stake in the center of the pike; thence with the same (3) S. 4 E. 3 16/50 chs. to the beginning containing ½ acre more or less."

And then follows recitations as to the source of title, etc.

■■ We think that by necessary inference the contract fairly shows its date. It recites it is made "this 11th day of July;" possession was to be given Sept. 1, 1940. It is evident this refers to a time in the future, which in turn discloses the contract was executed prior to that date. The property was to be free and clear of all encumbrances except the 1940 taxes, which, under our statute, would not become a lien or encumbrance until January 10th, 1940. Inasmuch as it refers to these taxes as constituting a lien, it results that the contract was executed after January 10th, 1940. Consequently, being executed "this 11th day July" necessarily refers to July 11th, 1940. However, if there was any question as to this, it was eliminated by the deposition of Mr. Young, in which he testified the contract was executed in July, 1940. By consent, his name was signed to this deposition by the stenographer who took it and we shall later refer to this as satisfying the requirements of the statute of frauds.

With regard to the sufficiency of the description, the contract describes this as a "5 room house" near "the airport" and "in the forks of the Rights Ferry road and the Cusic road" and its the same property "bought from Rose and others" and it is "owned by D. F. Young and

George E. Moore'' shown to be a partnership of ''Young & Moore'' who ''rent, buy, sell and swap'' real estate and whose place of business is ''Maryville, Tenn.'' Inasmuch as the vendors live in Maryville we must assume the subject matter of the contract is in Blount County. Dougherty v. Chestnutt, 86 Tenn. 1, 5 S. W. 444.

■■ The factual development is rather meager, so it is not necessary to decide whether these descriptions given may be applied to this particular piece of property; however, we believe the statute of frauds is complied with (a) because the contract refers to this as being the property bought from Rose and others and there is exhibited with the bill and proven in the record the deed for this property executed by Gerald Rose and others to the complainants. It is well settled that an instrument which contains a sufficient description may be fortified by reference to other papers, so as to satisfy the requirements of the statute. Schultz v. Anderson, 177 Tenn. 533, 151 S. W. (2d) 1068, and cases cited.

(b) Even if this be not true, when the complainant Young voluntarily gave his deposition, which was signed by him in the manner indicated and in which he identified this property as being that he and his partner purchased from Gerald Rose and others, this, in connection with the contract in question, satisfied the requirements of the statute. A very interesting case on this is that of Huffine v. McCampbell, 149 Tenn. 47, 257 S. W. 80.

■ Finally, it is said that the contract provision ''terms to be arranged on the balance'' is so indefinite and uncertain as to render the contract voidable under the statute. This amounted to nothing more or less than the statement of the parties that they would agree on such terms as might be mutually agreeable; in other

words, that it would be in the nature of a demand debt, the vendors to have the right to demand payment at any time they chose and the vendee to have the right to pay at any time he chose.

It results that in our opinion the decision of the Chancellor was erroneous and must be reversed. Treating the suit as a demand for payment, the complainants will have and recover of the defendant the remainder of the purchase money, $1,150, with interest, which is adjudged to be a specific lien upon this property. The defendant will be restored to possession of the property and is awarded rentals in the sum of $15 per month, beginning at the time he was ousted from possession by the receiver, until the possession is restored to him, which amount will be a credit on the foregoing recovery. If such recovery be not paid within sixty days the property will be sold under the statute to satisfy such recovery. The cost of appeal and one-half of the costs in the court below will be paid by the complainants and the surety on their prosecution bond, the remaining costs will be paid by the defendant and will be deducted from the proceeds of the land ordered sold. The cause will be remanded to the Chancery Court of Blount County for the enforcement of the parties under this opinion.

McAmis and Burnett, JJ., concur.