RADIOPHONE BROADCASTING STATION *v.* IMBODEN.

(*Knoxville,* September Term, 1945.)

Opinion filed January 5, 1946.

CURTIN & HAYNES and E. M. WOOLSEY, all of Bristol for complainant.

BURROW & BURROW, of Bristol, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Both writs have been granted and this cause has been argued at the bar.

The only question involved is under the statute of frauds, Code section 7831, subsection 4, providing as follows:

"No action shall be brought:

. . . . .

"(4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; or

. . . . .

"Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

However, it is insisted that the decision of the chancellor having been favorable to the defendant below, specific performance should be denied in the absence of an

abuse of discretion on the part of the chancellor in denying that relief.

The defendant below, Mrs. Robert Imboden, did not testify nor did she introduce any proof in the cause. It appears that she is a bright and intelligent woman. In 1943 she entered into a written contract with Horney Brothers, auctioneers, to sell the property in question. It was advertised to be sold on September 1, 1943. Complainant, Radiophone Broadcasting Station, made the highest bid of $5,710. It also appears that Mrs. Imboden had entered into a written contract with the auctioneers reserving the right to reject the bid if it was not satisfactory to her. She at first refused to accept the bid, but, apparently after being advised by the auctioneers that the property had brought a fair price, agreed to accept the bid.

On the same date of the sale Mrs. Imboden went to her attorney's office and had him draft a deed conveying the property to complainant. The deed was executed and acknowledged before a notary public and a copy of it submitted to complainant's attorney, Mr. Woolsey. Mr. Woolsey, testifying for complainant, said he thought the deed prepared by defendant's attorney was sufficient to convey title, but that it was objectionable because no reference was made to her source of title and the covenants of warranty were unsatisfactory. In the meantime the parties had mutually agreed that the full consideration should be paid in cash, and upon complainant's objection to the form of the deed being made known to defendant, she readily agreed to execute another deed if complainant would bear the expense. This was agreed to by complainant, and it was then agreed that the sale should be completed by means of an escrow arrangement with the First National Bank of Bristol. Under this

arrangement it was agreed that, pending the drafting and execution of another deed and the examination of title by complainant's attorney, the deed drawn by defendant's attorney and executed and acknowledged by defendant and complainant's checks representing the purchase money should be left with the escrow agent and paid over to defendant upon the execution and delivery of the new deed.

The proof discloses that complainant's check for $1,903.33 was left with the Bank on September 1, 1943, and two or three days later another check for $3,806.67, representing the balance of the purchase money, was left with the escrow agent. Mrs. Imboden complied with the escrow agreement by depositing the deed she signed and acknowledged with the escrow agent; but on September 3, 1943, she wrote the president of complainant and also Mr. Woolsey, its agent, repudiating the entire transaction and, without the knowledge or consent of complainant, obtained possession of the executed deed from the bank.

We think the decree of the chancellor was erroneous and that of the Court of Appeals reversing his decree was correct. The minds of the parties were in full accord as to the terms of the sale and, in the form of a deed, the terms of the agreement were set forth in writing and executed by the defendant. The proof fails to show that this deed did not set forth the true terms of the agreement by failure to make reference to prior recorded conveyances or by the omission of the usual covenants of title. This deed, having been left with the escrow agent, shows beyond question that Mrs. Imboden intended this as a completion of the sale; and we do not think the minor changes suggested would prevent the contract from being regarded as in substance completed.

■ Where an escrow agreement is definitely arrived at and a valid deposit in escrow made, neither party can revoke it without the consent of the other. 19 Am. Jur., Escrow, sec. 11.

■ Many authorities hold that an undelivered deed constitutes a sufficient memorandum of the contract of sale and state that it is sufficient if the deed contains substantially the terms of a prior parol contract. See annotation in 100 A. L. R., 205, footnote 13.

In *Huffine* v. *McCampbell*, 149 Tenn. 47, 257 S. W. 80, this Court committed itself to the prevailing doctrine that a deed may operate as a sufficient memorandum if otherwise sufficient. We think the effect of the holding in that case was that the writing was intended by the parties to it as a deed and not as a mere memorandum of a contract of sale.

In the present cause the deed was intended to operate as a memorandum of a prior parol agreement; and while under the authorities cited the deed would have been sufficient without any delivery, it was, in fact, delivered to a third party for the benefit of complainant.

■ Where, as here, the contract is in writing, signed by the party to be charged, fair in all its parts, for an adequate consideration and capable of being performed, equity will decree specific performance as a matter of course in the absence of any valid objection. Gibson's Suits in Chancery (Chambliss Ed.), sec. 949.

The cause at bar is distinguishable from the case of *Leathers* v. *Deloach*, 140 Tenn. 259, 204 S. W. 633, where the party sought to be charged was of very limited mentality and where it appeared that she was subject to undue influence and there was an inadequate consideration.

In the instant cause the owner of the property, Mrs. Imboden, was fully capable of understanding the effect of her contract; and even though she had reserved the right to reject the bid on account of her opinion of an unsatisfactory price, yet, after the facts were made known to her, she signed and acknowledged the deed in question.

It results that the decree of the Court of Appeals is affirmed.