PARSONS *et ux. v.* HALL.

(*Nashville*, December Term, 1946.)

Opinion filed February 1, 1947.

DAVID W. SHIELDS, JR., and ROBT. L. KEELE, both of Manchester, for appellants.

ROY L. MITCHELL, of Tullahoma, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill was filed in the Chancery Court of Coffee County by Parsons and wife against Hall, seeking: (1) The specific performance of an alleged contract of

sale of real estate, copied below. (2) In the alternative, reimbursement for improvements made on the real estate while it was leased to the Complainants.

The contract of lease, with the alleged option in the lessee to purchase, is as follows:

"June 9, 1942. This is to certify that within 60 days from date that, Mr. M. L. Hall has leased to Mr. & Mrs. Morris A. Parsons, one house and lot in 13 district of Coffee County near Corporation line in Tullahoma, Beginning at a fence post in the old Winchester-Tullahoma Old Road, running southerly a distance of 100 feet running back 205 feet. Containing seven room house, garage wood house, etc.

"The party of the first part, M. L. Hall agrees to lease to hold in effect for 1 year from beginning Rent to be $12.00 per month. And same to be renewed at expiration if agreeable to both parties.

"And further party of the first part agrees to sell party of second part said house and lot for $1700.00 at terms to be agreed on at time of sale.

"Agreed on and read and signed by party of first part and party of second part.

"M. L. Hall

"Morris A. Parsons"

We copy the agreement as it appears as an exhibit to the original bill. There are minor variations, doubtless the result of typographical errors, in the copy contained in the Chancellor's opinion and in that presented in appellants' brief. Though it appears that this instrument was recorded, certified copy was not supplied for the record, and no acknowledgment appears on the copy made an exhibit to the bill.

The lessor, M. L. Hall, a widower, died in August 1945, and his son, the defendant Durward Hall, qualified as

his administrator. In June 1946, having refused tender of $1,700 cash from the complainants as the purchase price of the property, the administrator demanded possession, and thereupon the complainants filed this bill in the Chancery Court for the specific peformance of the alleged option of purchase. The bill was met by demurrer. On motion to dispose of the demurrer, the Chancellor sustained ten of the thirteen grounds of the demurrer and dismissed the bill. After petition to rehear was filed and overruled, the complainants perfected their appeal and make two assignments of error:

(1) "The learned Chancellor erred in sustaining grounds Nos. one, two, three, four, five, six, seven, eight and ten of the demurrer of the defendant.

(2) "The Chancellor also erred in .dismissing complainants' bill and failing to grant alternative relief prayed for in the bill."

In considering the first assignment it is unnecessary to prolong this opinion by setting out and considering seriatim the grounds of demurrer which were sustained by the Chancellor and to which appellants objected. The essential inquiry limits itself to a determination whether the foregoing memorandum of agreement satisfies the requirements of mutuality, clarity and definiteness in the basic elements of date, parties, a valid agreement to sell, and a description of what was agreed to be sold. *Sheid* v. *Stamps,* 34 Tenn. 172.

The Chancellor's action in denying specific performance is entitled to great weight here since the remedy of specific performance is not a matter of right but of discretion. *New River Lbr. Co.* v. *Tennessee Ry. Co.,* 145 Tenn. 266, 238 S. W. 867; *Leathers* v. *Deloach,* 140 Tenn. 259, 204 S. W. 633; *Henderson* v. *Henderson,* 159

Tenn. 126, 17 S. W. (2d) 15; *Reams* v. *Board of Mayor, etc., of Town of McMinnville,* 153 Tenn. 408, 284 S. W. 382.

■ In discussing "Cases for Specific Performance," Gibson's Suits in Ch., 1937 Ed., sec. 949, emphasizes the rule that to support such relief the contract must be clear, complete and definite in all its essential terms. The Court will not make a contract for the parties and the agreement sought to be enforced specifically must show beyond doubt that the minds of the parties actually met and that they themselves made the agreement.

■ A careful study of the agreement here involved and copied above convinces us that as alleged in the first ground of demurrer which the Chancellor sustained, there was here no such mutuality of assent and meeting of minds as is necessary to support a decree for specific performance. Much of the language and the phrases used are so vague and indefinite as to make that part of the memorandum dealing with the offer to sell unenforceable and, indeed, unintelligible.

(1) The effective date of the agreement is by no means clear from the language used:

"June 9, 1942. This is to certify that within 60 days from date, that M. L. Hall has leased," etc.

(2) The subject of sale is described as being: "one house and lot in 13 district of Coffee County near Corporation line in Tullahoma, Beginning at a fence post in old Winchester-Tullahoma Old Road, running southerly a distance of 100 feet running back 205 feet. Containing seven room house, garage wood house," etc.

■ We think this purported description is fatally defective. It is not clear what was meant by "the old Winchester-Tullahoma Old Road;" whether the property lay north, south, east or west of it; or what was meant by the words, "running southerly a distance of

100 feet running back 205 feet.'' The language used is ''one house and lot,'' not *my* house and lot. Obviously no apt words were used to designate a particular house and lot.

Parol evidence is admissible to ''apply'' the description contained in the written instrument, but such evidence is inadmissible to ''supply'' a description omitted therefrom. *Dougherty* v. *Chestnutt*, 86 Tenn. 1, 5 S. W. 444. We think the rule made in *Dobson* v. *Litton*, 45 Tenn. 616, applies here:

''If the agreement itself shows that some particular tract was intended, then parol proof is. admissible to show the location and boundaries of the tract mentioned, and to enable the Court to find it. Thus, if the agreement had described the premises as 'my tract of nine acres and sixty-six poles, near the junction,' etc., there could be no uncertainty that a particular tract of land was meant, and even if the grantor had two tracts answering to that description, that would create no uncertainty upon the face of the deed, but only after the introduction of proof to that effect.

''But an instrument describing the premises as 'a tract,' etc., as in this instance, does not specify any tract of land. Every tract of nine acres and sixty-six poles, that could be surveyed in the vicinity indicated, would fulfill the conditions of this description with equal accuracy; and the object of the parol proof proffered in this case, would be, not to point out the tract which the instrument mentions, but to furnish grounds of inference from the fact that defendant had but one tract in that vicinity, that the parties must have intended the instrument to describe that tract and no other.'' (45 Tenn. at page 619.)

This old case is approved and discussed at length in an opinion by Mr. Justice McKINNEY, in *Schultz* v. *Ander-*

*son,* 177 Tenn 533, 537, 151 S. W. (2d) 1068. Compare *Kirshner* v. *Feigenbaum, infra.* We think the cases relied on by appellant contained descriptions much more particular and definite, and are clearly distinguishable from *Dobson* v. *Litton, supra.* These cases are: *Kirshner* v. *Feigenbaum,* 180 Tenn. 476, 176 S. W. (2d) 806; *Young* v. *Tuck,* 27 Tenn. App. 74, 178 S. W. (2d) 86; *Dougherty* v. *Chestnutt,* 86 Tenn. 1, 5 S. W. 444; *Christian* v. *Mynatt,* 79 Tenn. 615.

In all these cases there was specific language used in the instrument under construction that required the conclusion that the lessor, or grantor, was referring to a particular property. Here, as we have stated, there is no specification of ownership as in *Dobson* v. *Litton,* 45 Tenn. 616, 619; *Young* v. *Tuck,* 27 Tenn. App. 74, 178 S. W. (2d) 86; *Christian* v. *Mynatt,* 79 Tenn. 615, 619, or of the name of the property as "Henderson Farm, known as Rose Hill," as in *Dougherty* v. *Chestnutt,* 86 Tenn. 1, 5 S. W. 444, and the description here could refer to any house and lot containing an uncertain amount of land with indefinite boundaries, near the corporate limits of Tullahoma, in the 13th Civil District of Coffee County.

(3) The words, "rent to be $12.00 per month" explicitly exclude a construction that would apply any part of that money as a consideration for the offer to sell.

(4) "M. L. Hall agrees to lease to hold in effect for 1 year from beginning . . . And same (lease hold) to be renewed at expiration if agreeable to both parties."

The only construction to be placed on this language is that the lease may be renewed by agreement, but there is no language, whatever, to support a construction of the next sentence (containing all that was written of the offer to sell), as giving the offeree the privilege of accepting the offer to sell after the term of the original

lease. We think to inject such a provision would be to write a new contract for the parties.

Appellants insist that this provision for renewal is substantially the same as that upheld by this Court in *Womble et al.* v. *Walker et al.*, 181 Tenn. 246, 181 S. W. (2d) 5, 7. The instrument there under construction was prepared by an expert draftsman. There was no question of vagueness or uncertainty in the lease or the option to purchase, both of which were supported by an adequate, continuing consideration (gifts of money, care and support of an old lady) for "the [original] term or any renewal thereof." It was *explicitly* provided that the lessee should have the option to purchase, which was in fact and law a valid option contract supported by consideration expressly provided during the original term, and *any renewal thereof*. Likewise, in the instrument itself, all essential terms of sale were set out in detail in the instrument and it was provided *expressly* if the lessee elected not to purchase under the option, that he should be reimbursed for the improvements he had made and was making, with the consent of the lessor, on the farm involved. We held that since the memorandum of the option to purchase; contained in the original lease, was expressly made to apply to any renewal that it was sufficient under the Statute of Frauds. The contract in the present case lacks so many of the essential express provisions of the instrument in *Womble et al.* v. *Walker et al., supra,* that the opinion is not at all persuasive on complainants' contention here. The second assignment of error is that:

"The Chancellor also erred in dismissing complainants' bill and failing to grant alternative relief prayed for in the bill."

■ This assignment is supported neither by argument nor citation of authorities. We find nothing in the facts here as they are presented in the original bill, to take this case out of the general rule that a tenant is not entitled to reimbursement for improvements voluntarily made on the leased property. There was here no express provision for reimbursement for such improvements as there was in the case of *Womble et al.* v. *Walker et al.*

Since we find it necessary to affirm the Chancellor's decree on what seem to us stronger grounds, it is unnecessary for us to discuss the question whether this Court will take judicial notice of the inflated values of land in the Tullahoma area, which on account of the long delay by the complainants in undertaking to enforce their option, is argued by the defendants to render the contract unconscionable and inequitable (Gibson, supra), and the remedy of specific performance, therefore, improper.

Decree affirmed.