SAUNDERS v. DAVIS et ux.—220 S. W. (2d) 883.

Middle Section.   December 4, 1948.

Petition for Certiorari denied by Supreme Court, April 30, 1949.

J. E. Tubb, Waverly, for appellants.

Mack C. Simpson, Waverly, Tyree B. Harris, III, Nashville, for appellee.

HICKERSON, J. A. J. (Jack) Saunders, Jr., brought this suit against G. C. Davis and wife, Ruth Davis, to compel them to specifically perform a contract of sale of realty.

The following demurrer, filed by defendants, was overruled:

"The defendants demur to the bill filed against them in the above cause on the following grounds:

"1st. That the contract or agreement sued on, set forth in exhibit 'A' to the bill, is void for uncertainty as to the land sought to be purchased."

By answer defendants: (1) admitted they signed a contract to sell the land; (2) pleaded non est factum to the contract filed as an exhibit to the bill; (3) averred that G. C. Davis was drunk when he signed the contract, and that Ruth Davis did not know the value of the land; (4) charged that the consideration was wholly inadequate, being less than one-half of the market value of the land; and (5) stated that it would be inequitable and unfair to decree specific performance of the contract.

The chancellor sustained the bill and decreed that the contract be specifically performed. Defendants appealed.

The contract in question is here quoted in full:

"I have recieved $20.00 as deposit on land described as follows and to be deeded at once to Jack Sanders to the amount of $2250.00;

"The tract of land beginning at the County Road below my house on the west of my house between the home and Kings consisting of about 10 acres bounded on one side by the creek and the other side and the other side by the highway running to Kings.

"/s/ G. C. Davis

"/s/ Mrs. Ruth Davis

"This the 18th day of Aug.

"/s/ G. C. D.

"/s/ G. C. Davis

"witness

"G. E. Nolan"

(1) The original contract was found and put in evidence. The proof shows defendants signed that contract.

(2) There was only one tract of land in Humphreys County which would answer the description in the contract. "Kings" was a notorious road house. There was only one County Road between the home of defendants and Kings. The creek was Trace Creek. The highway was U. S. Highway No. 70. The description was sufficient. Schultz v. Anderson, 177 Tenn., 533, 161 S. W. 2d 106; Kirshner v. Feigenbaum, 180 Tenn. 476, 176 S.W. 2d 806; Parsons v. Hall, 184 Tenn. 363, 199 S.W. 2d 99; Roberts v. Chase, 25 Tenn. App. 636, 166 S.W. 2d 641; Young v. Tuck, 27 Tenn. App. 74, 178 S.W. 2d 86.

(3) Complaint is made that there are no allegations in the bill that the contract was fair, just, and equitable

in all its parts, and that it was supported by an adequate consideration.

■ There would be a presumption that a solemn written contract signed by the parties thereto would be fair, just, and equitable and the substantial consideration stated therein was adequate, nothing else appearing. Chancellor Gibson, in the suggested form of a bill to specifically perform a contract of sale of land, did not allege that the contract of sale was just, fair, equitable, and supported by an adequate consideration. Gibson's Suits in Chancery, Fourth Edition, Section 950.

■ These questions were specifically put in issue by the answer of defendants. If complainant stated a defective cause of action in his bill, and defendants supplied the defect in the answer, relief could be granted on the allegations in the bill and the allegations in the answer. Issues made by all the pleadings, bill and answer, may be made the basis of relief to complainant if supported by proof. Gibson's Suits in Chancery, Fourth Edition, Section 558; Jordan v. Jordan, 145 Tenn. 378, 239 S.W. 423.

■ Furthermore, defendants could not be prejudiced by failure to plead that the contract was fair, just, equitable, and supported by an adequate consideration because defendants could take advantage of such facts in a suit for specific performance of a contract whether the pleadings raise the issue or not. New River Lumber Company v. Tennessee Railway Company, 145 Tenn. 266, 238 S. W. 867. We are forbidden by the statute to reverse for errors which do not affect the results. Code, Sec. 10654; Thomason v. Trentham, 178 Tenn. 37, 154 S. W. 2d. 792, 138 A. L. R. 461.

■ (4) Was the contract fair, just, equitable and supported by an adequate consideration. If these conditions appear, the contract should be specifically performed by decree of this court. If not, the court should deny a decree of specific performance. Gibson's Suits in Chancery, Fourth Edition, Section 949.

In Johnson v. Browder, 185 Tenn. 601, 207 S. W. 2d 1, 3, this rule is stated:

"It is well to remember that certain fundamental and indispensable conditions must be shown to justify a decree for specific performance. The contract must be clear, definite, complete and free from any suspicion of fraud or unfairness. Parsons v. Hall [184 Tenn. 363], 199 S. W. 2d 99; Gibson's Suits in Chy., 1937 Ed., 949."

See also: Cock v. Evans' Heirs, 17 Tenn. 287; Blair v. Snodgrass, 33 Tenn. 1; McCarty v. Kyle, 44 Tenn. 348; Hudson v. King, 49 Tenn. 560; Radiophone Broadcasting Station v. Imboden, 183 Tenn. 215, 191 S. W. 2d 535.

■ The granting or refusing of a decree of specific performance lies within the discretion of the chancellor under all the facts appearing. A litigant cannot have such decree as a matter of right. Leathers v. Deloach, 140 Tenn. 259, 204 S. W. 633.

■ The following facts are established: Complainant met G. C. Davis in Waverly, Tennessee, on Sunday morning, August 17, 1947. Davis was drinking. Complainant asked Davis if he would sell the land in question. While discussing the matter, they went in complainant's automobile to the home of Davis about two miles from Waverly. There they agreed upon the contract of sale, and complainant drew it. Davis was drunk when he signed it. Complainant knew that fact. Complainant testified:

"Q. He was under the influence of liquor? A. Yes."

Davis and his wife testified to the same effect.

When asked why she signed the contract, Ruth Davis testified:

"Q. What induced you to sign the contract that was drawn up the day Mr. Saunders was there? A. I just don't know; Gilbert's (G. C. Davis) condition, and I was nervous. They came in all at once, Jack was prancing around, Gilbert with his shoes untied and intoxicated and when I see Gilbert that way it makes me feel insecure and I guess that is the reason that I signed it.

. . . . . .

"Q. Why didn't you suggest waiting until some other time? A. Jack was in such a hurry to get it closed, they came in rushing in, talking, Jack prancing about-as the children said. I was nervous. If you were a wife, Mack, with children and if your husband came in that way, you would do things you otherwise wouldn't have done.

"Q. And that is the reason you did it? A. That is all I can say."

Having secured his contract in this unfair manner, complainant pressed his advantage hard. The next morning, Monday, August 18th, about seven o'clock, before Mrs. Davis was dressed, complainant was at her home to ask her to re-sign the contract. Her husband was in Clarksville where he was working. She re-signed the contract at this time.

Thereupon, complainant sent the contract to Clarksville to be re-signed by G. C. Davis. Davis did sign it again. He stated he would not have executed the contract on Monday if he had not already signed it and agreed to it on Sunday.

The price for this land, stated in the contract, of $2250.00, is wholly inadequate. There is abundant proof

in the record to show that the land was worth more than twice the contract price. Not one word of proof is offered to the contrary. It is significant that complainant did not testify as to the value of the land, nor offer any witnesses who would testify as to its value, although the issue of inadequacy of consideration was specifically made by the pleadings. We cannot escape the conclusion that complainant knew that he had driven a hard bargain with defendants.

We recognize the rule that the fact that one party has gained an advantage in a contract will not, of itself, defeat a suit for specific performance. The true rule is stated in Gibson's Suits in Chancery, Fourth Edition, Section 949:

"If a contract has all the essentials of validity, and is certain in its terms, *is based on an adequate and valuable consideration,* is fair and just in all its provisions, is free from any fraud, misrepresentation, illegality, or mistake, is capable of being enforced without hardship to either party, and if compensation in damages for its breach is impracticable, or would be inadequate, a bill will be maintained for its specific performance." (Italics added.)

Further consideration of the case is not necessary. We are definitely of the opinion that this court should not decree a specific performance of the contract. We can scarcely conceive of a more unfair advantage being taken than for one party to secure a contract of sale of land from his neighbor for one-half its value when the latter was drunk and known to be so by the party securing the contract. Nor do we think the re-signing on the next day cured such defect in the origin. Any liti-

gant should be repelled who seeks to have an inequitable contract performed in a court of equity.

The decree of the chancery court is reversed and complainant's bill dismissed with all costs. Remand for such proceedings as might be necessary relating to the attachment and injunction.

Felts and Howell, JJ., concur.