GOBBLE *v.* CAMP *et ux.*

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

C. L. BOYD, of Waynesboro, for complainant.

R. R. HAGGARD, of Waynesboro, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause was tried on a stipulation of facts. The Chancellor decreed specific performance of the sale of

a house and lot situated in the town of Waynesboro. On October 8, 1948 Gobble contracted to sell the house and lot in question to defendant Camp and wife. The purchaser Camp contracted to pay the sum of $5,000 for the property, payable in installments of $35 per month with interest. Payments were made on the note for the months of November, 1948 to April, 1949, both inclusive, and on May 12 a credit of $17 remained. Upon the execution of the contract the defendants took possession of said property and occupied the same as a home. The Camps defaulted in the payment of the note and the bill was filed in this cause to compel specific performance, the bill praying that complainant have a decree against the defendants for $330.45, the amount due on the note, and that the court decree specific performance and that a receiver be appointed to take charge of the property and rent it. It appears that complainant signed a copy of the contract after it was executed by the defendants. The defendants appeal and urge that this is not a proper case for specific performance.

On this question, the Court in *Radiophone Broadcasting* v. *Imboden,* 183 Tenn. 215, 219, 191 S. W. 2d 535, 537, said:

"Where, as here, the contract is in writing, signed by the party to be charged, fair in all its parts, for an adequate consideration and capable of being performed, equity will decree specific performance as a matter of course in the absence of any valid objection. Gibson's Suits in Chancery (Chambliss Ed.) § 949."

"Specific performance of a contract is a discretionary remedy requiring a legal and not arbitrary discretion, and is given as a substitute for a legal remedy of compensation wherever the legal remedy is inadequate or

impracticable." *New River Lumber Co.* v. *Tennessee Railway Co.,* 136 Tenn. 661, 191 S. W. 334.

In *Leathers* v. *Deloach,* 140 Tenn. 259, 204 S. W. 633, 635, the Court said: "The remedy of specific performance of a contract is always discretionary. The discretion to grant or refuse it must be grounded upon legal reasons, but the remedy is not one of right. The authorities are reviewed in the case of *New River Lumber Co.* v. *Tennessee Railroad Co.,* 136 Tenn. [661], 677, 191 S. W. 334, and the position of this court is there reaffirmed."

In the present case, no payments were made on the note executed by defendants other than those set out in the bill. The complainant has carried the burden of showing that he has met the condition precedent to his right to seek a specific performance of the contract, in that he has done or offered to do, or is willing to do, all the essential and material acts required of him at the time of commencing the suit. Under such circumstances, specific performance of the contract may be had under the injunctive powers of the Court. *Board of Education of Viola Normal School* v. *Board of Education of Warren County,* 160 Tenn. 351, 24 S. W. (2d) 889.

Under the circumstances here, we see no reason why the complainant is not entitled to have his contract performed and it results that we find no error in the decree of the Chancellor and it is affirmed.

All concur.