# DAVID ALLEN (Add) ROLEN v. GEORGE RAY ROLEN.—423 S.W.(2d) 280.

Eastern Section. February 23, 1967.

Certiorari Denied by Supreme Court September 18, 1967.

638.

Wynn & Wynn, Sevierville, for appellant, David Allen (Add) Rolen.

Hailey & Waters, H. Dennis Jarvis, Jr., Sevierville, for appellee, George Ray Rolen.

COOPER, J. David Allen (Add) Rolen has appealed from a decree of the Chancery Court of Sevier County, locating and establishing the boundary line between his land and that of his brother, defendant, George Ray Rolen.

D. C. Rolen, the father of the parties, divided his lands between his several children on August 30, 1943, retaining a life estate in favor of himself and his wife.

Complainant was conveyed land "Beginning on the corner of Ollie Belle Rolen and D. C. Rolen thence up the ridge to the Dave Webb Corner; thence with Bench with Dave Webb line up to corner; thence from said corner to Sandy Harrell corner; thence with Sandy Harrell to Dunn's creek; thence from corner at creek running with creek to George Ray Rolen's line; *thence running*

*with George Ray Rolen's line back to Williams line;* thence from Williams line up to corner where it corners with Ollie Belle Rolen to the beginning." Emphasis supplied.

The italicized part of the deed is a description of complainant's eastern boundary. To locate it on the ground, it is necessary to refer to the location of the western boundary line of defendant's land.

The land conveyed to the defendant is described as "Beginning on Dunn's Creek opposite school house on a stake joining Williams' line, *runs with Williams line out to a swamp, thence up with tenable land to ditch,* thence turn with ditch to Dunn's Creek thence to the beginning." The description italicized is the western boundary of defendant's property and is the disputed boundary line.

The evidence shows that the "swamp", though one corner has been partially drained, is clearly defined. Tenable land adjoins the swamp on both its near (eastern edge) or its far (western edge).

The complainant insists that "runs with Williams line out to a swamp" means the near edge of the swamp, which would give him ownership of the swamp. The defendant insists that it was the intention of his father to convey him the "Howard Bottom", which included the swamp, and that the boundary line was the western edge of the swamp.

██ The swamp in dispute consists of 1.6 acres, the value of which is not shown in the record.

"It is clear from an analysis of the cases in this State dealing with the construction of deeds that the overriding purpose of all rules of construction is the ascertainment

of the intention of the parties." Quarles v. Arthur, 33 Tenn.App. 291, 231 S.W.2d 589. This is done by considering the deed as a whole without regard to formal divisions and parts, and by giving all words in the deed their usual and appropriate meaning. Quarles v. Arthur, supra; Hardin v. Chapman, 36 Tenn.App. 343, 255 S.W.2d 707; Brown v. Brown, 45 Tenn.App. 78, 320 S.W.2d 721.

■ The word "to", when used to express a boundary, ordinarily is a term of exclusion, and is always to be understood in that way, unless there is something in the conveyance which makes it manifest that it was used in a different sense. 11 C.J.S. Boundaries sec. 4, p. 540; 41A Words and Phrases, pp. 420-421, and cases there cited.

■ We find nothing within the "four-corners" of the deed to the defendant which would indicate that the grantor intended the word "to" to mean "beyond", which would be the necessary meaning if the swamp were to be included within the description in defendant's deed. To the contrary, we are of the opinion that the language chosen by the grantor, when considered in its entirety, shows an intent to convey to defendant only that land to the east of the swamp.

Defendant, in asserting his claim to the swamp, has relied heavily on the testimony of Alvin Rolen, a brother who was present when D. C. Rolen divided his land. Alvin Rolen testified that his father stated that he had conveyed the "Howard Bottom" to the defendant, and that the "Howard Bottom" would include the swamp.

■ The Chancellor evidently based his finding that it was the intention of the grantor to convey the "swamp" to the defendant on this testimony. We think this was error for it is a settled rule that in the absence of am-

biguity or irreconcilable conflict in the provisions of a deed, parol evidence is not admissible to contradict, add to or explain the provisions of the deed. Brown v. Brown, 45 Tenn.App. 78, 320 S.W.2d 721; McQuiddy Printing Co. v. Hirsig, 23 Tenn.App. 434, 134 S.W.2d 197. See also Parsons v. Hall, 184 Tenn. 363, 199 S.W.2d 99, wherein it is pointed out that "[p]arol evidence is admissible to 'apply' the description contained in the written instrument, but such evidence is inadmissible to 'supply' a description omitted therefrom. Dougherty v. Chestnutt, 86 Tenn. 1, 5 S.W. 444."

The decree of the Chancellor that the land in dispute is owned by George Ray Rolen, the defendant, and fixing the boundary line on the western, or far, edge of the swamp in accordance with the map of James F. Hatcher is reversed. A decree will be entered here fixing the boundary between the properties of the parties on the eastern, or near, edge of the swamp, in accordance with the survey map prepared by C. H. Fox and which was filed by agreement of the parties as exhibit 1 in this cause. All costs will be adjudged against the defendant, George Ray Rolen.

McAmis, P. J., and Parrott, J., concur.