Eugene MOON, Sr., Plaintiff-Appellant,

v.

W. T. WEBB, Ottis Webb, J. C. Thompson and wife, Barbara Thompson, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

April 27, 1979.

Certiorari Denied by Supreme Court Aug. 6, 1979.

Robert E. Harrison, Harrison & Goin, Scottsville, Ky., Frank D. Farrar, Lafayette, for plaintiff-appellant.

J. H. Reneau, III, Celina, for defendants-appellees.

OPINION

LEWIS, Judge.

Plaintiff sued the defendants alleging that he was the owner in fee simple of two

tracts of land, that he was entitled to quiet and peaceful possession of this land, and that defendants and all persons claiming under them had no estate or interest in the property. Plaintiff also sought a permanent injunction enjoining the defendants from asserting any adverse claim to his title and for damages against the defendants, W. T. Webb and Ottis Webb.

After an evidentiary hearing, the Chancellor, on March 22, 1978, filed the following Memorandum Opinion:

> If the oral testimony of Mr. and Mrs. J. H. Reneau, Jr. was properly admitted in evidence the defendants would, upon the basis of their testimony, clearly prevail. Without the Reneau testimony the defendants could not prevail. I admitted the Reneau testimony at the trial. After a considerable study of the case and the authorities cited by the plaintiff, I am of the opinion that the Reneau testimony regarding the circumstances of the preparation and execution of the two general warranty deeds was clearly incompetent and not admissible. It results, then, that the properly admitted evidence establishes the two conveyances. There was no evidence of fraud, accident or mistake. The boundaries are clearly established. The plaintiff is the holder of a clear title to said two small parcels of land.

> The Clerk and Master at Celina will file this memorandum opinion as a part of the technical record in the case. The same will not be entered upon the minutes.

> Done at Sparta on the 21st of March, 1978.

> /s/ Scott Camp
> CHANCELLOR

On April 10, 1978, defendants filed a petition for rehearing which was granted.

On the rehearing, the parol evidence was admitted and the plaintiff's complaint was dismissed.

Plaintiff has assigned three (3) errors. By his first assignment, he says:

> The Chancery Court erred when it set aside its memorandum opinion entered March 21, 1978 for the plaintiff-appellant

by entry of a decree on April 28, 1978, some 38 days later.

▪ The Memorandum Opinion was not a final judgment. In this instance, even if it had been, the Chancellor did not err. Tennessee Rules of Civil Procedure 54.04 states that any time within thirty (30) days after the entry of final judgment the court may alter or amend its judgment. In this case a petition to rehear was filed 19 days after the Memorandum Opinion had been filed. This would have suspended the running of the 30-day period.

This assignment is without merit.

▪ By his second assignment of error, plaintiff asserts:

> The Chancery Court erred when it admitted the parol evidence of Mr. and Mrs. J. H. Reneau, Jr. and Mr. and Mrs. J. C. Thompson over the timely objections of the appellant.

In his brief, the plaintiff says:

> At trial, over objections to parol evi-eence [sic], Mr. J. H. Reneau, Jr. and Mr. and Mrs. Thompson were allowed to testify that at the time of the conveyance on 16 Jan. 1954, it was orally understood between the parties that the first 1952 deed was to be destroyed and that the second deed was to include within its 200′ × 200′ feet, [sic] the 100′ × 150′ conveyed in the first deed in 1952.

The May 1952 deed shows the Thompsons conveyed a 100′ × 150′ piece of land to the Farnsleys. The deed, January 16, 1954, shows that the Thompsons conveyed a second lot to the Farnsleys. The second deed contains a full description of the 200′ × 200′ lot independent of the description of the 100′ × 150′ lot conveyed in the first deed.

The holographic will of Mrs. Emma Farnsley shows that she devised all of her property to her mother and three sisters.

The mother died intestate and the property passed to the three sisters, Mrs. North, Mrs. Raney and Mrs. Moon. In 1971, Mrs. Raney conveyed her interest in the properties to Mr. and Mrs. Moon. Mrs. Moon died

in 1971 and thereafter Mrs. North conveyed her interest in the properties to Mr. Moon.

The deeds are unambiguous in their descriptions of the two lots as independent and separate pieces of property. Mr. Gene Smith, a licensed surveyor, surveyed the properties as described in the deeds and found the descriptions adequate for encompassing two different and individual lots.

*Minor v. Belk*, 50 Tenn.App. 213, 360 S.W.2d 477 (1962) was a suit involving a boundary line dispute. The court disallowed the consideration of parol evidence "offered to vary the terms of a written instrument which is clear and unambiguous on its face." *Id.* at 227, 360 S.W.2d at 483. In *Rolen v. Rolen*, 57 Tenn.App. 637, 423 S.W.2d 280 (1967), another boundary line dispute, the court stated:

> [I]t is a settled rule that in the absence of ambiguity or irreconcilable conflict in the provisions of a deed, parol evidence is not admissible to contradict, add to or explain the provisions of the deed. See also *Parsons v. Hall*, 184 Tenn. 363, 199 S.W.2d 99, wherein it is pointed out that "[p]arol evidence is admissible to 'apply' the description contained in the written instrument, but such evidence is inadmissible to 'supply' a description omitted therefrom. (citations omitted) *Id.* at 640–41, 423 S.W.2d at 282

Here, the parol evidence was offered to show that the second deed was intended to destroy the first and that the property described in deed two was to include the 100′ × 150′ and the 200′ × 200′ conveyed. The clear and unambiguous descriptions in the two deeds do not support such an intention. The testimony of Mr. and Mrs. Thompson and Mr. Reneau, Jr. cannot be used, in violation of the parol evidence rule, to alter, amend, modify, or contradict the terms of the clear language of the deeds.

The second assignment of error is sustained.

The plaintiff asserts by his third assignment:

> The Chancery Court erred when it failed to find for the appellant by reason of adverse possession and payment of real estate taxes for a 20 year period.

Having determined that the description in each of the deeds was sufficient to convey separate property and that the plaintiff is the owner of each of the lots either by conveyance or inheritance, the third assignment becomes moot.

The judgment of the Chancellor is reversed and judgments will be rendered in this Court entitling plaintiff to quiet and peaceful possession of each of the tracts of land.

Costs are taxed against the defendants.

SHRIVER, P. J., and DROWOTA, J., concur.