# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

----------------------------------------------------------------------------

JERE LYNN ROGERS and wife, )
CYNTHIA R. ROGERS, )
                            )     Fayette Chancery
      Plaintiffs/Appellants    )     Case No. 10904
v. )
                            )
MARK W. DAVIS, individually and as )    Appeal No. 02A01-9610-CH-00258
Executor of the Estate of Winston )
C. Davis, Deceased, and TERESA )
DAVIS STEINBERG, MARGARET )
DAVIS PICKENS and GARY )
STEPHEN DAVIS, )
                            )
      Defendants/Appellees    )

<div style="border:1px solid black">

# FILED

**June 27, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

</div>

APPEAL FROM THE CHANCERY COURT OF FAYETTE COUNTY
AT SOMERVILLE, TENNESSEE
THE HONORABLE HOMER W. BRADBURY, CHANCELLOR

**J. PAYSON MATTHEWS**
205 W. Market St.
P.O. Box 819
Somerville, TN 38068
Attorney for Appellants

**W. BOYETTE DENTON**
**Denton & Cary**
P.O. Box 306
Bolivar, TN 38008
Attorneys for Appellees

**AFFIRMED**

**WILLIAM H. INMAN, SENIOR JUDGE**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**ALAN E. HIGHERS, JUDGE**

**O P I N I O N**

This is an action for specific performance of a contract dated March 6, 1994 for the sale of 13.5 acres of land.

The propounded contract is a printed form, with various manuscripted provisions, some of which were canceled by line-drawing and some of which were interlined. In a reasonable light, the contract provides that the seller agrees to convey "15 acres in" Fayette County to Jere Lynn Rogers and wife Cynthia Ross Rogers for $40,000.00 cash at closing, less $500.00 earnest money, contingent upon the purchasers obtaining a loan within 20 days, and contingent "that the Winston Davis estate be closed by the projected closing date of this contract, 4-29-94."

The contract was executed "Winston C. Davis Est. by Mark W. Davis, Exec." The closing date was initially "20 days of this date" [March 6 1994] or March 26 1994. It was changed to March 30, then to April 29, then to May 3, then to June 29, then to July 31, 1994, according to the manuscripted alterations.

The plaintiffs alleged that a closing date of "on or about" July 6, 1994 was agreed upon, that the defendant did not appear but informed "the real estate agent or the closing attorney" that he did not intend to close the transaction. They alleged that the contingency of the closing of the Winston Davis estate is not an obstacle since the non-closure was deliberate, and that the defendant-executor has full power and authority to sell subject property by virtue of the duly probated will of Winston C. Davis.

Joined as defendants were Teresa Davis Steinberg, Margaret Davis Pickens and Gary Stephen Davis, against whom no relief is sought. They answered separately from the Executor, alleging that (1) the complaint fails to state a claim, (2) the contract expired and is unenforceable, (3) the property described in the complaint "overlaps and/or encroaches" upon the property owned by Gary Stephen Davis and, thus, the plaintiffs are seeking impossible relief. They averred that if the

2

Executor had the authority to sell the real estate by virtue of the will of Winston C. Davis, said will required the Executor to give these defendants the first refusal to purchase the property.

The defendant Executor filed an answer alleging that he intended to execute the contract in his individual capacity but was "advised by his real estate agent to sign as the Executor of the estate of Winston C. Davis," that the description of the property includes the residence of Gary S. Davis, that he advised his real estate agent that he was ready and able to convey his one-fourth interest in the property, but that he was not authorized to convey the interests of his siblings. He alleged that the filing of this lawsuit prevented the closing of the estate; that in any event the closing was "set for April 29, 1994" and did not occur.

Following a trial on the merits, the chancellor denied specific performance, holding that the purported contract was not clear and thus unenforceable, and that the Executor had no authority to sell the property, but, even so, he was required to offer it first to his siblings. The plaintiffs appeal, and present five issues for review, which are directed to the propriety of declining to grant specific performance.

At the outset, we note that since the complaint seeks no relief against the defendants, Teresa Davis Steinberg, Margaret Davis Pickens and Gary S. Davis, the case against them should have been dismissed on that ground, and they will not be further noticed.

Our review is *de novo* on the record, accompanied by the presumption that the chancellor's findings of fact are correct unless the evidence otherwise preponderates. T.R.A.P. 13(d); *Hackett v. Smith County*, 807 S.W.2d 695, 699 (Tenn. Ct. App. 1990).

The thrust of the appellants' argument is directed to their assertion that the Executor possessed the requisite authority to sell the property pursuant to the will of Winston C. Davis, which, as paraphrased, in the event he survived his wife, devised

3

subject property to his four named children.  Item Eight of the will[1]gives the Executor

"in the exercise of reasonable discretion" the right to "exercise any and all of the

powers set forth in . . . T.C.A. 35-618 . . . .," which, as pertinent here, provides:

> **35-50-110.  Specifically enumerated fiduciary powers which may be incorporated by reference**. --  Without diminution or restriction of the powers vested in the fiduciary by law or elsewhere in this instrument, and subject to all other provisions of this instrument, the fiduciary, without the necessity of procuring any judicial authorization therefor, or approval thereof, shall be vested with, and in the application of such the beneficiaries of this instrument shall be authorized to exercise, the powers hereunder specifically enumerated:
>
> * * *
>
> (6)  By public or private sale or sales, and for such consideration, on such terms and subject to such conditions (if any) as in the judgment of the fiduciary are for the best interests of the estate and the beneficiaries thereof, to sell, assign, transfer, convey, or exchange any real or personal property of the estate, or the estate's undivided interest in such property, or any specific part of or interest therein (including, but not limited to, standing timber, rock, gravel, sand, growing crops, oil, gas and other minerals or mineral rights or interests), and to grant easements on real property of the estate, and to participate in the partition of real or personal property in which the estate has an undivided interest; and to accomplish any such transactions by contracts, endorsements, assignments, bills of sale, deeds of other appropriate written instruments executed and delivered by the fiduciary in behalf of the estate, and to acknowledge the execution of such instruments in the manner provided by law for the acknowledgment of the execution of deeds when such acknowledgments are required or appropriate.

The will also provided that "in the event it is necessary or proper to sell any

portions of the farm realty that in such event I hereby specifically grant to each of my

children herein a right of first refusal with respect to the right to purchase said

property."

The real property of a testator vests upon death in the named beneficiaries

unless the will contains a specific provision directing that the property should be

administered as part of the estate subject to the control of the personal

representative.  T.C.A. § 31-2-103.

The appellants argue that the statutory scheme then provides for specifically

enumerated fiduciary powers, T.C.A. § 35-50-110, which, when incorporated in the

---

[1]This item appears to include *pro forma* provisions.  The will is 13 pages, and Item Eight contains boiler-plate language generally utilized for trust estates.

4

will, vests in the Executor the right to administer the specifically devised property as part of the estate subject to the control of the Executor.

This provision is the Executor's right to sell the property, but only if in his judgment a sale is in the best interests of the estate and beneficiaries thereof, or if the sale is necessary or proper. The record is replete with evidence that the estate of Winston C. Davis had been fully discharged, that there were no liens, taxes, claims or charges against the estate, and that it was neither necessary nor proper for the Executor to sell the property.

We also agree with the chancellor that the propounded contract[2] contains so many differing, conflicting and confusing provisions as to render it unenforceable. Closing dates are different on each contract; conditions are different; some changes are initialed, while some are not. All in all, it is an obfuscatory instrument(s) and the chancellor was justified in refusing to enforce it. *See Shuptrine v. Quinn*, 597 S.W.2d 728 (Tenn. 1979). Moreover, the acreage specified in the contract included property admittedly owned individually by Gary S. Davis, who was not a signatory to the agreement.

The remedy of specific performance essentially invokes the discretion of the chancellor. *Parsons v. Hall*, 199 S.W.2d 99 (Tenn. 1949); *North v. Robinette*, 527 S.W.2d 95 (Tenn. 1975), and the contract must be certain as to terms, must be clear, definite and complete. The contract(s) at hand do not meet these criteria.

The judgment is affirmed, with costs assessed to the appellants

_____
William H. Inman, Senior Judge

---

[2]The plaintiffs filed three (3) contracts in evidence, each differing from the other.

CONCUR:


_____
David R. Farmer, Judge


_____
Alan E. Highers, Judge