KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I concur with the majority that the district court need not have considered parol evidence to determine the scope of Jones’s land rights under the 1877 deed and later conveyances. However, I come to this conclusion for different reasons. “[I]t is a settled rule that in the absence of ambiguity or irreconcilable conflict in the provisions of a deed, parol evidence is not admissible to contradict, add to or explain the provisions of the deed.” Rolen v. Rolen, 57 Tenn.App. 637, 423 S.W.2d 280, 282 (1967). In this case, the 1877 deed unambiguously conveyed the property on the south side of the river in fee simple. The only exception was the “Road as it is now laid out and used by the patrons of Saulpaw’s Mill,” which was “expressly reserved and ... not conveyed.” R. 9-2 (Deed) (Page ID #54). Jones argues that the road includes the landing, but the deed stipulates that the road “runs down to the landing.” Id. (emphasis added). “The word ‘to’, when used to express a boundary, ordinarily is a term *228 of exclusion, and is always to be understood in that way, unless there is something in the conveyance which makes it manifest that it was used in a different sense.” Rolen, 423 S.W.2d at 282. Nothing in the deed makes it manifest that “to” was used in any sense other than to express a boundary of the road. On the contrary, the landing indicates the road’s terminus. As such, the landing is not part of the road.
Moreover, the deed, without the gloss of parol evidence, unambiguously designates the road as an easement. “When parties use terms such as ... ‘road’ ... in a deed as a limitation on the use of land, courts should construe such language as strong, almost conclusive, evidence that the interest conveyed is an easement.” Mitchell v. Chance, 149 S.W.3d 40, 45 n.7 (Tenn. Ct. App. 2004). Of course, if the deed explicitly states that the road is conveyed in fee simple, courts respect that unambiguous language. See Dobson v. Marion Cty., No. M2004-02154-COA-R3-CV, 2006 WL 1026422, at *7 (Tenn. Ct. App. Apr. 18, 2006). Here, the deed does not explicitly convey the road in fee simple. Instead, the road serves as a limitation: it permits patrons of Saulpaw’s Mill to access the river despite the general conveyance in fee simple. R. 9-2 (Deed) (Page ID #54). It is, therefore, an easement.
Because the landing was conveyed in fee simple, any unapproved construction on it is a trespass. To the extent that the structures were built on the easement and were not obstructions, Jones has not shown that the district court abused its discretion in finding that the structures were not improvements on the easement.