**Miller H. BRANSTETTER and wife, Rosezella Branstetter, Appellees,**

**v.**

**Archie L. BARNETT and wife, Cherri Barnett, Appellants.**

Court of Appeals of Tennessee, Western Section.

Dec. 27, 1974.

Certiorrai Denied by Supreme Court April 7, 1975.

John E. Appman, Jamestown, for appellants.

J. H. McCartt, Wartburg, for appellees.

NEARN, Judge.

Miller H. Branstetter et ux. filed suit in the Chancery Court of Morgan County against Archie L. Barnett et ux. for the specific performance of an option contract for the sale of real property. The Chancellor, sitting without a jury, found in favor of the Branstetters, the plaintiff-purchasers, and decreed specific performance on the part of the Barnetts, the defendant-sellers.

The defendants have appealed with three Assignments of Error. The first of which charges the Chancellor with error in decreeing specific performance when the contract of sale contained no legal description of the property. The second complains of the failure of the Chancellor to permit counsel for appellants, after plaintiffs had rested their case, to amend their pleadings to plead the statute of frauds. The third faults the Chancellor for not holding the option contract invalid because of the alleged failure of the plaintiffs to meet its terms.

The matter arrives in this Court for a review de novo with a presumption of the correctness of the decree below. T.C.A. § 27–303.

The complaint alleges that on November 21, 1972, the defendants were the owners of approximately 120 acres in the 7th Civil District of Morgan County and contracted in writing to sell said land, which land is specifically described by metes and bounds in the complaint, to the plaintiffs for the sum of $14,000. Further, that plaintiffs complied with all terms of the option contract, but defendants failed and refused to convey the land as they had agreed.

Suit was instituted by means of attachment as the defendants are non-residents of this State. However, an answer was filed by the defendants and their personal appearance made before the Court.

The answer filed consisted of six short sentences. The first sentence admitted the names and addresses of the parties. The second admitted that on November 21, 1972, the defendants were the owners of the real property described in the Bill. The fifth sentence admitted that the defendants were non-residents. Two of the remaining sentences denied allegations contained in paragraphs 3 and 4 of the complaint and the final sentence denied "each and every other material allegation."

Although Mrs. Barnett had previously denied that she had signed the option con-

tract, it was conceded and admitted in opening statement on the day of trial that both Mr. and Mrs. Barnett had in fact executed the instrument.

The real defense was a hoped for weakness in the plaintiffs' proof. The option contract described the optioned property as, "120 acres located in 7th C.D. of Morgan County (see attached description)". It was and is the insistence of counsel for defendants that specific performance cannot be decreed on a contract with such a vague description and since the description is so vague, the option contract is unenforceable.

The defendants did not take the stand and testify in their own behalf although present in the courtroom. Therefore, the testimony of plaintiffs and their witnesses is undisputed.

The plaintiffs testified that both plaintiffs and defendants knew which land was contained in the agreement as it was the only 120 acre tract that defendants owned in Morgan County and was across the road from plaintiffs' brother's land. Further, that the 120 acres described in the complaint was the land agreed upon. The plaintiffs did admit that as far as they knew the "attached description" was never in fact attached to the option contract or never existed, but that the contract was turned over to the Farmers Home Administration from which agency plaintiffs were to make a purchase money loan.

The attorney for the Farmers Home Administration testified that he had no difficulty in locating and completing an abstract on the 120 acres as it was the only 120 acre tract that defendants owned in the 7th Civil District of Morgan County.

At the close of plaintiffs' proof the Chancellor pointed out defendants' failure to plead the statute of frauds. Defense counsel then sought to amend his pleadings to so plead and rested his case.

The Chancellor took the matter under advisement and in his written Opinion denied the request to amend as being too late

and then stated, "since the Statute of Frauds is not specifically pleaded, as required by settled law, the question of the adequacy of the description is no longer material".

■ The first and second Assignments of Error will be treated together.

The applicable section of the statute of frauds (T.C.A. § 23–201) provides as follows:

"No action shall be brought:

(4) Upon any contract for the sale of lands, * * * unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

The written option contract purports to be a sale of lands and is signed by the party to be charged. However, it must be admitted that on its face the description of the land is not detailed. In all other aspects the contract is proper and specific. The question now is whether or not the description can be "fleshed out" by parol evidence so as to require a conveyance by metes and bounds or whether it is so uncertain that the instrument will not qualify as a writing under the statute of frauds and therefore be unenforceable.

This question has been heretofore answered by our Supreme Court in the case of Dobson v. Litton (1868) 45 Tenn. 616. In that case the description was " 'a certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad Street, Nashville, and the Hillsboro' Turnpike, Davidson County, Tennessee, for the sum of four thousand dollars,' etc."

The complainant had also alleged that the defendant had but one tract of land in the vicinity mentioned and argued to the Court that upon this showing, if he be allowed to do so, any ambiguity would fade.

The case was before the Supreme Court on demurrer. The Supreme Court sustained the Chancellor primarily because the party seeking specific performance had not described the real property in the bill with any degree of certainty. Therefore, the Court could not decree specific performance for that which it could not describe. However, the Court went on to discuss the problems raised by inadequate descriptions in contracts and the relationships between the statute of frauds and the parol evidence rule. This case has been cited as authority by our Courts on numerous occasions on the question of statute of frauds and parol evidence vis a vis.

The Supreme Court in *Dobson,* supra, distinguished the cases where parol evidence was admissible from those where it was not, as follows:

"If the agreement itself shows that some particular tract was intended, then parol proof is admissible to show the location and boundaries of the tract mentioned, and to enable the Court to find it. Thus, if the agreement had described the premises as *"my* tract of nine acres and sixty-six poles, near the junction," etc., there could be no uncertainty that a particular tract of land was meant, and even if the grantor had two tracts answering to that description, that would create no uncertainty upon the face of the deed, but only after the introduction of proof to that effect. (Emphasis ours)

"But an instrument describing the premises as 'a tract,' etc., as in this instance, does not specify any tract of land. Every tract of nine acres and sixty-six poles, that could be surveyed in the vicinity indicated, would fulfill the conditions of this description with equal accuracy; and the object of the parol proof proffered in this case, would be, not to point out the tract which the instrument mentions, but to furnish grounds of inference from the fact that defendant had but one tract in that vicinity, that the parties must have intend-

ed the instrument to describe that tract and no other. (Emphasis ours)

"Parol evidence for the first purpose above mentioned is admissible, because it does not alter or contradict the effect or terms of the instrument, but only particularizes the description which the instrument gives of the premises. But parol evidence in the second case, is inadmissible, because its effect is to supply by parol, a material part of the agreement, which the statute of frauds requires to be wholly in writing."

As can be seen from the foregoing statement the distinction lies in those cases where the tract is an indefinite one (a tract) as opposed to a definite one (my tract). In the instant case, in the option contract in question, prior to the description the seller "covenants that he is the owner thereof". This is the same as saying "my" 120 acres and parol evidence was admissible to particularize the description contained in the option contract.

From the proof before us we find that the property described by metes and bounds in the complaint is the tract of land contemplated by the parties in the option contract and the Chancellor reached the proper results regardless of his legal reasons for doing so.

The first Assignment of Error is overruled for the reasons given and the second is overruled as it makes no difference whether or not the defendants were allowed to plead the statute of frauds for such plea would have availed them nothing.

■ We find the third Assignment of Error without merit. The complaint is that the plaintiffs did not mail their notice of exercise of option to the defendants at the address stated in the option contract. The plaintiffs knew where the defendants were; mailed the notice to that location and the defendants admit receipt thereof. Should the plaintiffs have mailed the notice to where they knew the defendants were not?

The third and final Assignment of Error is overruled and the judgment below affirmed with costs of appeal against the appellants and surety.

CARNEY, P. J., and MATHERNE, J., concur.