**Robert GORBICS and Nancy Gorbics, Plaintiffs-Appellants,**

v.

**Harry G. CLOSE, Jora N. Close and Security Federal Savings and Loan Association, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 8, 1986.

Permission to Appeal Denied by Supreme Court Dec. 29, 1986.

Dent Morriss, Morriss & Morriss, Springfield, for plaintiffs-appellants.

Larry W. Simmons, Springfield, for defendants-appellees.

OPINION

TODD, Presiding Judge, Middle Section.

This is a suit for specific performance of an agreement to sell land or for compensation for improvements made by plaintiffs. The Chancellor dismissed the suit; and plaintiffs appealed, presenting two issues for review as follows:

1. Does a certain paper writing satisfy the statute of frauds so as to support an action for specific performance of the sale of real property?

2. If the writing does not satisfy the statute of frauds, is the case one in which to enforce the statute of frauds would make the statute an instrument of hardship and oppression compelling the enforcement of the land sales agreement on the theory of equitable estoppel?

With an immaterial exception which will be noted, the facts are uncontroverted. The plaintiffs are former residents of California. The defendants are long-time residents of Robertson County, Tennessee. At some time prior to 1981, the plaintiffs and defendants met and became friends; and defendants encouraged plaintiffs to move to Robertson County, Tennessee. In June, 1981, plaintiffs did move to Robertson County, Tennessee. At that time, defendants owned, and still own, an 8.3 acre tract on which their home is situated.

Upon their arrival, plaintiffs were assisted by defendants in procuring a small trailer home which, by permission of defendants, was placed in the northwest corner of defendants' 8.3 acre tract. Defendants assisted in arranging a sewage disposal system for the trailer.

The question of the sale of the land surrounding the trailer is a matter of dispute. Plaintiffs insist that defendants orally agreed to sell them the land on condition that defendants would have the option of repurchase before the land should be sold to third parties. Defendants insist that they only agreed to give plaintiffs an option to buy the land before it should be sold to third parties. This disputed fact is not deemed to be material to the controversy before the Court.

In 1982, plaintiffs built a fence around an area of one acre surrounding their trailer without objection from defendants.

In 1983, defendants, who planned a trip abroad, were requested by plaintiffs to give them some written evidence of an agreement to sell the one acre to plaintiffs. At that time, defendants delivered to plaintiffs a copy of a will signed by Harry G. Close which contained the following provision:

> I have an agreement with Robert and Nancy Gorbics to sell them a one acre tract of land on the northwest corner of my land for the price of $2,000.00.

It is admitted that, at the same time, there was in existence a will of Mrs. Close containing an identical provision.

At the trial, both defendants testified that their wills, quoted above, had been revoked and replaced by later wills; but no date of revocation was stated.

On January 15, 1984, Mrs. Gorbics drew a check in the amount of $100.00 payable to Mr. Close marked: "1st payment on land". On February 12, 1984, another identical check was drawn. Both checks were endorsed and cashed by Mr. Close. Subsequently, Mrs. Gorbics borrowed some money from defendants and agreed that the two $100 checks might be credited on the loan rather than upon the purchase price of the land.

Thereafter, the cordial relations between the parties deteriorated and defendants notified plaintiffs to vacate their property. This lawsuit ensued.

■ Plaintiffs' first issue presents a question of law, that is, whether the quoted portions of the wills of defendants satisfy the statute of frauds.

T.C.A. § 29-2-101 reads in pertinent part as follows:

> No action shall be brought upon any contract for the sale of land ... unless the promise or agreement, upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith....

The two wills of the defendants constitute a note or memorandum partially evidencing the contract alleged by plaintiffs, but the difficulty lies in the inadequate description. The general location of the land to be sold is clear ("on the northwest corner of my land"). That is, the boundary of the land to be sold would have one point in common with the boundary of defendants' land. However, the description does not indicate whether the one acre is within plaintiffs' land or is adjoining it.

More importantly, the description does not state how far the land extends in each direction from the northwest corner. On July 13, 1984, plaintiffs had a surveyor lay off and describe a one acre tract extending 149.81 feet from the northwest corner east-

ward along State Highway 25, which is the northerly boundary of defendants' land, and 290.83 feet southward along the westerly boundary of defendants' property. So far as the description specifies, the dimensions of the surveyed tract might have been any two measurements which would produce one acre in area. The number of possible measurements from the northwest corner of defendants' property which would produce this result is limited only by the dimensions of defendants' property. That is, the description of one acre might be satisfied by one-half the frontage on the highway with double the depth, or one-fourth of the frontage with four times the depth.

It is true that plaintiffs had erected a fence around the property occupied by their trailer with the acquiescence of defendants, but the oral evidence of this activity cannot supply a necessary part of the paper writing required by the statute.

In *Baliles v. City Service Co.* Tenn.1979, 578 S.W.2d 621, the Supreme Court held that the statute of frauds was not satisfied by a letter to the purchaser stating:

Cities Service Company has agreed to sell you lots 99 and 100 in Cherokee Hills for residential purposes.

However, the seller was held estopped to claim the statute of frauds where its letter had induced the purchaser to borrow money to buy the lots and to build a house thereon with the encouragement and acquiescence of the seller.

In *Dobson v. Litton* 45 Tenn. (5 Cold.) 616 (1868), the land was described as:

A certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad Street, Nashville, and Hillsboro Turnpike, Davidson County, Tennessee....

The Court held the description insufficient and said:

If the agreement itself shows that some particular tract was intended, then parol proof is admissible to show the location and boundaries of the tract mentioned, and to enable the Court to find it. Thus, if the agreement had described the premises as "my tract of nine acres and sixty-six poles, near the junction," etc., there could be no uncertainty that a particular tract of land was meant, and even if the grantor had two tracts answering to that description, that would create no uncertainty upon the face of the deed, but only after the introduction of proof to that effect.

But an instrument describing the premises as "a tract", etc., as in this instance, does not specify any tract of land. Every tract of nine acres and sixty-six poles, that could be surveyed in the vicinity indicated, would fulfill the conditions of this description with equal accuracy; and the object of the parol proof proffered in this case, would be, not to point out the tract which the instrument mentions, but to furnish grounds of inference from the fact that defendant had but one tract in that vicinity, that the parties must have intended the instrument to describe that tract and no other.

Parol evidence for the first purpose above mentioned is admissible, because it does not alter or contradict the effect or terms of the instrument, but only particularizes the description which the instrument gives of the premises. But parol evidence in the second case, is inadmissible, because its effect is to supply by parol, a material part of the agreement, which the statute of frauds requires to be wholly in writing.

Where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description. (45 Tenn., 5 Cold. at pp. 619–620)

In *Branstetter v. Barnett,* Tenn.App. 1974, 521 S.W.2d 818, the description of a

120 acre tract was preceded by the words "(the seller) covenants that he is the owner thereof". Thus, the instrument stated that the tract was the land of seller.

The distinction between *Branstetter* and the present case is that, in *Branstetter* the sale included the entire tract owned by the seller, which could have only one identity; whereas, in the present case the tract to be sold was only a part of the sellers' land, and the instrument does not sufficiently designate which part.

In *Case v. Brier Hill Collieries* 145 Tenn. 1, 235 S.W. 57 (1921), the Supreme Court said:

It may therefore be stated ... that a description of land is good within the statute of frauds which on its face appears to refer to some definite tract, and which by the aid of parol proof can with reasonable certainty designate such tract.

In the application of this rule, however, this qualification must be made. The descriptive terms employed, together with the parol proof must be such as to point out and comprehend some especial parcel of land to the exclusion of any other parcel of land.

If the description is on its face so indefinite as to be applicable to any tract of land, then parol evidence is not admissible at all "because its effect is to supply by parol a material part of the agreement, which the statute of frauds requires to be ... in writing." *Dobson v. Litton* 45 Tenn. 5 Cold., 616.

. . . .

In *Railroad v. Webster* 106 Tenn. 586, 61 SW 1018, a description of land as a certain number of lineal feet fronting on a railroad was held void, because it would equally apply to land on both sides of the railroad.

. . . .

... [I]n looking beyond the face of a conveyance for proof to save it from inherent uncertainty, the courts proceed under the maxim, "id est quod certium reddi potest". (That is certain which can be made certain.) (145 Tenn. at 11, 12)

In the present case, if the description had read, "The one acre enclosed by a fence in the northwest corner of my land"; and if parol evidence had shown that the defendants owned only one tract of land, the description might have been valid. However, the writing contains nothing which would locate the one acre within the land of defendants or define its limits or shape, except the area of one acre and being at the northwest corner of defendants' land. "Northwest corner" is a general location, but does not specify which of numerous possible one acre tracts might be within the general location.

This Court is satisfied that the contract sued upon cannot be enforced because it does not comply with T.C.A. 29-2-101.

■ By their second issue, plaintiffs insist that defendants are equitably estopped to assert the statute of frauds in defense of this suit. Such a contention was upheld in *Baliles v. City Service Co.*, supra, but under compelling conditions where the enforcement of the statute of frauds would have left the sellers a windfall of construction costing $6,500.00 induced by the defective agreement to sell. Such compelling circumstances do not appear in the present case. It is shown that a trailer home was placed on the land by plaintiffs, but there is no indication that it is a permanent improvement which could not be removed by plaintiffs and which would inure to the benefit of defendants. It is shown that a sewage disposal system was installed with the assistance of defendants, but there is no evidence of the cost and no evidence of any particular benefit to defendants. There is evidence that plaintiffs constructed a fence, but there is no evidence of its cost or usefulness to defendants.

Apparently, plaintiffs have had the privilege of living on defendants' land for some 5 years without charge. This should adequately compensate them for any expense of installing a septic tank and building a fence.

No justification is found for enforcing the inadequate agreement by equitable estoppel.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against plaintiffs. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.