IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 9, 2001 Session

## PAUL RAY SEATON, ET AL. v. RICHARD ROWE, ET AL.

Appeal from the Chancery Court for Monroe County
No. 12,385    John B. Hagler, Jr., Judge

### FILED AUGUST 29, 2001

### No. E2000-02304-COA-R3-CV

This is an action for specific performance of an option agreement for the sale of some farmland acreage, from which a 60-acre tract was excepted. The trial court dismissed the action, holding that the option agreement did not satisfy the statute of frauds because the description of the excepted property was inadequate and that the deficiency could not be remedied by parol evidence. Thereafter, the plaintiffs filed a motion to "reopen the proof" to introduce evidence to support reformation of the description of the excepted property. The motion was denied. The plaintiffs appeal, arguing that the trial court erred in (1) finding that the option agreement did not satisfy the statute of frauds; (2) refusing to consider parol evidence of the location of the excepted property; and (3) refusing to "reopen the proof" on the issue of reformation. The defendants argue that the appeal is frivolous. We find that the option agreement is sufficiently definite to satisfy the statute of frauds and that parol evidence should have been admitted to locate the excepted property. We therefore vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

William T. Alt, Chattanooga, Tennessee, for the appellants, Paul Ray Seaton and John Nolan Seaton.

John W. Cleveland, Sweetwater, Tennessee, for the appellees, Richard Rowe, Individually and as Personal Representative of the Estate of Zola G. Howell, Faye Howell Jones, David Howell, Fredrick Howell, Frankie Howell, Steven Howell, Roger Howell, Debbie Howell, James D. Parks, and Brian Jones.

**OPINION**

I. *Facts*

On March 8, 1988, the plaintiffs, Paul Ray Seaton and John Nolan Seaton, entered into a ten-year option contract with Carl R. Howell and his wife, Zola G. Howell (collectively "the optionors"), for the purchase of the Howells' farm. The plaintiffs exercised their option on January 13, 1998, following the death of both optionors.[1] The personal representative and heirs of Ms. Howell's estate (collectively "the defendants") refused to sell the property to the plaintiffs, and this lawsuit ensued. In their answer, the defendants allege that the option is unenforceable because it was unfairly or fraudulently procured.

The option agreement describes the Howells' farm as two tracts, one consisting of 318 acres and another consisting of 263.5 acres, located in the First Civil District of Monroe County. The metes and bounds of these two tracts are accurately set forth in the option agreement and are not disputed. The option agreement provides, however, for two exceptions[2] to these tracts. The exception pertinent to our discussion provides as follows:

> ALSO EXCEPTED from the above described property that portion of property leased by Carl R. Howell and wife, Zola G. Howell to Diversified Systems, Inc., a Tennessee corporation, which Lease Agreement was entered into on July 11, 1985, and which has not been recorded as of the date of execution of this agreement, a copy of which is attached hereto as an exhibit, and it further being understood by and between the parties hereto that said Lease Agreement includes approximately sixty (60) acres, more or less, all in accordance with the terms thereof.

The plaintiffs and Mr. Howell were shareholders of Diversified Systems, Inc., a corporation engaged in the business of solid waste disposal. The lease provides that the property was to be used as a landfill. Although Diversified Systems paid rent under the lease until the lease was discontinued in 1990, a landfill was never operated on the property.

The referenced lease is attached to the option agreement and is signed by the Howells as lessors and by the plaintiff Paul Ray Seaton as the president of Diversified Systems. The lease describes the leased property as follows:

> LYING AND BEING in the First Civil District of Monroe County, Tennessee, and being more particularly described as follows:

---

[1] Mr. Howell died in March, 1996; Ms. Howell died later, in October, 1997.

[2] One of these exceptions was for a portion of the farm previously conveyed by the Howells to Red Ridge Company. This exception is not at issue in the instant case.

BEGINNING at a stake at the southeast corner of the property herein conveyed with property of Frankie Howell, other lands of the grantors herein; thence westwardly with the line of other lands of the grantors herein, 2,664 feet to a stake at the southwest corner of the property herein conveyed with Fridley and other lands of the grantors herein; thence northwardly with Fridley, 988 feet to a stake at the northwest corner of the property herein conveyed with Fridley and Whited; thence eastwardly with Whited, 2,664 feet to a stake at the northeast corner of the property herein conveyed with Whited and Frankie Howell; thence southwardly with Frankie Howell, 988 feet to the point of beginning, containing approximately 60 acres, more or less.

It appears that shortly before trial, the parties learned that the property description in the lease agreement exhibited to the option agreement is erroneous. The problem, as outlined by the trial court in its memorandum opinion, is as follows:

The description in the lease...does not work and cannot be fixed so that the leased premises can be located. In short, it describes nothing; it does not close except as a rectangle containing sixty acres without a point of reference except the general grant. If one uses the distances and directions to describe a rectangular tract from the beginning point, it describes a tract of approximately sixty acres running east-west. Plaintiffs assert that the actual leased sixty acres ran north-south and are in another part of the farm.

As illustrated by an exhibit in the record, the metes and bounds description does not touch the Fridley property, contrary to the assertion in the description that the subject rectangle shares a common corner to Fridley's property.

At the trial, the defendants raised – for the first time – the defense of the statute of frauds, and they argued that parol evidence was inadmissible to locate the property. The plaintiffs maintained, on the other hand, that the leased property could properly be located by parol evidence. Recognizing that the parties had just recently discovered the discrepancy and had not had time to brief the legal issues involved, the trial court allowed the plaintiffs to introduce extrinsic evidence as to the location of the leased property and reserved ruling on the issue of the statute of frauds.

Following the trial, the court below entered a memorandum opinion[3], finding that the option was "neither clear nor definite, nor complete," in that the "failure to describe in writing the exception to a grant is necessarily a failure to describe clearly and definitely the grant itself." The trial court found that the description contained in the lease "does not work except as a rectangle of precise

---

[3]In its memorandum opinion, the trial court rejected the defendants' argument that the option agreement was fraudulently procured. That ruling is not a subject of this appeal.

measurements containing approximately sixty acres[;] it could describe any number of tracts within the larger tract from which it is reserved." The court decreed that the defect could not be remedied by parol evidence, and it dismissed the plaintiffs' complaint. Thereafter, the plaintiffs filed a motion seeking "to reopen the proof" and to reform the description of the excepted property in the option agreement. The trial court denied this motion, and this appeal followed.

## II. *Standard of Review*

In this non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption of correctness as to the trial court's factual findings that we must honor "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law are reviewed *de novo* with no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996).

## III. *Discussion*

We begin by addressing the fundamental issue in this case, *i.e.*, whether the trial court erred in holding that the option agreement failed to adequately describe the property at issue and that parol evidence was inadmissible to locate the excepted property.

In the seminal case of ***Dobson v. Litton,*** 45 Tenn. (5 Cold.) 616 (1868), the Supreme Court stated as follows:

> Where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description.

*Id.* at 620. In *Dobson*, the instrument at issue described the property to be sold as "a certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad Street, Nashville, and the Hillsboro Turnpike, Davidson County, Tennessee." *Id.* at 617. The Supreme Court held that the instrument was insufficient to require specific performance because, "[w]ithout the aid of parol proof it does not point out and identify the premises and is too vague and uncertain to be enforced." *Id.* at 618, 619. The Court noted that had the property been described as "*my* tract of nine acres and sixty-six poles, near the junction," the description would have adequately designated a particular tract, and parol evidence would have been admissible to determine that tract's boundaries and location. *Id.* at 619-20 (emphasis added). However, because the property was referred to only as "a tract," the description failed to identify a particular tract of land, and, thus, parol evidence would

be "inadmissible, because its effect is to supply by parol, a material part of the agreement, which the statute of frauds requires to be wholly in writing." ***Id.***

The principles set forth in ***Dobson*** have been followed in numerous cases. In ***Dougherty v. Chesnutt,*** 86 Tenn. 1, 6, 5 S.W. 444, 445 (1887), the Supreme Court held that the description of the leased property only as the "Rose Hill" farm sufficiently identified the property to satisfy the statute of frauds. In so holding, the Court noted that the lease showed on its face that both the lessor and lessee lived in Hawkins County, "from which it may be reasonably inferred that the lands lay in that county." ***Id.*** Further, the Court noted that the farm was recognized and generally known by that name by many people in the community. ***Id.*** at 6-7, 5 S.W. at 445. The Court thus found that the introduction of parol evidence was appropriate "to show where the property is," ***id.*** at 7, 5 S.W. at 445, noting that the admission of parol evidence was "not to introduce any additional evidence as to the terms of the contract, but simply to ascertain if there be lands or property known by the name or description given in the writing, and where that property is." ***Id.*** at 7, 5 S.W. at 445-46 (quoting ***Johnson v. Kellogg,*** 54 Tenn. (7 Heisk.) 262, 265 (1872)).

In ***Parsons v. Hall,*** 184 Tenn. 363, 365, 199 S.W.2d 99, 99 (1947), the property was described as "one house and lot in 13 district of Coffee County near Corporation line in Tullahoma, Beginning at a fence post in the old Winchester-Tullahoma Old Road, running southerly a distance of 100 feet running back 205 feet. Containing seven room house, garage wood house, etc." The Court found the description fatally defective, as it failed to identify a particular tract:

> It is not clear what was meant by "the old Winchester-Tullahoma Old Road;" whether the property lay north, south, east or west of it; or what was meant by the words, "running southerly a distance of 100 feet running back 205 feet." The language used is "one house and lot," not *my* house and lot. Obviously no apt words were used to designate a particular house and lot.

***Id.*** at 367-68, 199 S.W.2d at 101 (emphasis in original). Because no particular tract was identified in the instrument, the Court rejected the introduction of parole evidence, holding "[p]arol evidence is admissible to 'apply' the description contained in the written instrument, but such evidence is inadmissible to 'supply' a description omitted therefrom." ***Id.*** at 368, 199 S.W.2d at 101.

In ***Branstetter v. Barnett,*** 521 S.W.2d 818, 819 (Tenn. Ct. App. 1974), the property was described as "120 acres located in 7th C.D. of Morgan County." The Court found that the contract sufficiently identified a particular tract:

> [T]he distinction lies in those cases where the tract is an indefinite one (a tract) as opposed to a definite one (my tract). In the instant case, in the option contract in question, prior to the description the seller "covenants that he is the owner thereof". This is the same as

saying "my" 120 acres and parol evidence was admissible to particularize the description contained in the option contract.

*Id.* at 821.

In *Gorbics v. Close,* 722 S.W.2d 672, 673 (Tenn. Ct. App. 1986), the property was described as "a one acre tract of land on the northwest corner of my land." This Court found that the description failed to identify which part of the defendants' land was to be sold:

> In the present case, if the description had read, "The one acre enclosed by a fence in the northwest corner of my land"; and if parol evidence had shown that the defendants owned only one tract of land, the description might have been valid. However, the writing contains nothing which would locate the one acre within the land of defendants or define its limits or shape, except the area of one acre and being at the northwest corner of defendants' land. "Northwest corner" is a general location, but does not specify which of numerous possible one acre tracts might be within the general location.

*Id.* at 675.

Upon our review of the relevant authority, we find and hold that the trial court erred in determining that the option agreement in the instant case failed to adequately identify the property to be sold. The description of the property excepted from the option as "that portion of property leased by Carl R. Howell and wife, Zola G. Howell to Diversified Systems, Inc.,...which Lease Agreement was entered into on July 11, 1985," is an identification of a *particular* tract of land within the Howells' farm. This description could not "apply with equal exactness to any one of an indefinite number of tracts," *see Dobson,* 45 Tenn. at 620, as only one tract of land was subject to the July 11, 1985, lease between Diversified Systems and the Howells. Accordingly, we conclude that parol evidence is admissible "to show where the tract so mentioned is located." *See id.*

We recognize that any parol evidence introduced regarding the location of the property will contradict or vary the legal description of the property contained in the lease. Generally speaking, parol evidence that contradicts, varies, or alters a complete, valid, and unambiguous written contract is not admissible. *Harry J. Whelchel Co. v. Ripley Tractor Co.,* 900 S.W.2d 691, 692-93 (Tenn. Ct. App. 1995). However, parol evidence is admissible to vary, contradict, or alter a written contract term if fraud, accident, or mistake is shown. *McMillin v. Great Southern Corp.,* 63 Tenn. App. 732, 740, 480 S.W.2d 152, 155 (1972). It is undisputed that the legal description contained in the lease is unworkable; in the words of the trial court, "it describes nothing." However, the Howells and Diversified Systems operated under this lease for five years. Although the land was never used for its intended purpose, Diversified Systems made the required rent payments. Clearly, although their lease described "nothing," the parties acted as if the lease described "something." Indeed, it was not until years later, after the lease was discontinued, that the discrepancy in the legal description was

discovered and a question arose as to which property was intended to be covered by the lease. Given these circumstances, it is logical to conclude that the wording of the description was the result of some accident or mistake. That being the case, parol evidence is admissible to vary the lease so that it may accurately describe the subject property.

Although we have determined that parol evidence is admissible to establish the location of the excepted property, we hasten to add that our decision in no way predetermines the outcome of this litigation. We decline to locate the property ourselves upon the record before us, as we are mindful that the parties became aware of the problematic description in the lease only shortly before trial and had little time to adequately prepare for the factual and legal issues that resulted from that discovery. We thus remand this case in order to provide both sides an opportunity to present parol evidence regarding the location of the leased property. If the court below is able to locate the excepted property from the evidence presented, then the court may consider ordering specific performance of the option agreement, as well as any other relief properly sought by the parties.

## IV. *Frivolous Appeal*

In view of our ruling in this case, it follows that the defendants' argument that the plaintiffs' appeal is a frivolous one is without merit.

## V. *Conclusion*

The judgment of the trial court is vacated. This case is remanded for further proceedings, consistent with this opinion. Costs on appeal are taxed to the appellees, Richard Rowe, Individually and as Personal Representative of the Estate of Zola G. Howell, Faye Howell Jones, David Howell, Fredrick Howell, Frankie Howell, Steve Howell, Roger Howell, Debbie Howell, James D. Parks, and Brian Jones.

_____
CHARLES D. SUSANO, JR., JUDGE